E. R. HARD v. O. A. AND D. N. BURTON.

*Joint debtors.　Discharge of one by accepting obligation of other.*
*Creditor not concluded by amount of charge.*

1. If a creditor accepts the liability of one of two joint debtors in discharge of a joint indebtedness the other debtor will be thereby released.

2. But the mere fact that one debtor pays a portion of the joint debt, and the other, with the consent of the creditor, agrees to pay the balance, is not enough. It must further appear that the creditor *accepted* the agreement to pay in discharge of the other debtor.

3. When a creditor extends a charge for services at less than their actual value, he is not thereby concluded, but may recover the full value of his services notwithstanding the charge.

Book account. Heard at the September Term, 1889, MUNSON, J., presiding, upon the report of an auditor, exceptions of the defendants thereto, and a motion upon the part of the defendants to recommit. The court, *pro forma*, overruled the motion and exceptions and gave judgment for the plaintiff in the sum of $1,654.89. The defendants except.

The account of the plaintiff was for legal services and disbursements between December, 1885, and July, 1889. The auditor found that the charges of the plaintiff were proper and ought to be allowed the plaintiff, unless the plaintiff was barred from his right of recovery by the facts stated in the report.

In the fall of 1887 the plaintiff rendered to the defendants a statement of his account up to that time. That statement contained charges for services in what was known as the Noyes will case, amounting to $830. The defendant O. A. Burton claimed upon this trial that he never was liable in respect of these charges. He further claimed that in the fall of 1888 the items embraced in the statement were fully settled, by his paying the balance of the bill and the plaintiff agreeing to look to D. Noyes Burton for the $830. · With reference to this the auditor found:

"In the fall of 1887 the plaintiff rendered to the defendants a statement of his account down to that time, and from time to

time afterwards by letter requested them to make payments upon said account; but failing to get any response to his letters, plaintiff, on the      day of            1888, caused the present suit to be instituted, the writ being returnable to the September Term, A. D. 1888, of Chittenden County Court, at which term the undersigned was appointed auditor.   On the 8th day of October, 1888, after the adjournment of the said September Term, the defendants called upon the plaintiff at his office for the purpose of settling the account so rendered by the plaintiff in the fall of 1887.   After considerable conversation, the plaintiff, at the request of defendant Oscar A. Burton deducted $200 from the amount of the debits contained in the account rendered as aforesaid, and at the request of both the defendants the plaintiff then and there agreed to charge the defendant D. Noyes Burton the sum of $830 of the debits contained in said account, being items 38, 44, 45, 46 of the plaintiff's said specification in this cause, the said D. Noyes Burton then and there assuring the plaintiff that he would pay the said amount of $830 in monthly payments of $100 each.   But the auditor finds that the said D. Noyes Burton has never paid said sum nor any part of it, though requested by the plaintiff so to do.   At the request of the defendant's counsel I find that at the beginning of the conversation above mentioned said O. A. Burton stated that he had never employed the plaintiff in the matter of the Noyes will, but I also find that he did not long persist in that statement.

" The balance of the account so rendered in the fall of 1887, being $716.05, was then and there paid to the plaintiff by two notes of that date for $250 each, executed by the defendant Oscar A. Burton, and by his check for $216.05.   Except as above stated there was no consideration for the plaintiff's consent to withdraw said $830 of debits from the charge of the two defendants and to charge the same to the defendant D. Noyes Burton individually."

The plaintiff assisted in the trial of the Noyes will case in the County Court.   For that service he charged originally $300, and this charge was so carried out in the statement of account rendered in the fall of 1887.   Before the auditor the plaintiff sought to increase this by the addition of $700 and item No. 70 in the plaintiff's account was for such addition.   As to this item the auditor reported :

"Item No. 70 of said specification, 'Amount added to item 46 above, $700,' was never entered upon plaintiff's book, but was entered upon the specification at the hearing before the auditor; and I find that said item is reasonable in amount, and that the amount of the item to which this is an addition will be a reasonable charge for the services rendered should the same be increased by $700, charged in item No. 70. The plaintiff testified, and I find accordingly, that the business out of which items 38, 44, 45, 46, 54 and 70 grew, was reluctantly under·taken by the plaintiff upon the urgent entreaties of both defendants; that after the September Term of the County Court, A. D. 1887, the plaintiff resolved to withdraw from the case mentioned in said items, and for the purpose of reconciling the defendants to his withdrawal and to· induce them to settle and pay the account promptly at the time, item 46 was extended on the plaintiff's book at $300 only, he knowing at the time that the amount was much less than he was reasonably entitled to charge. Whether or not this purpose and the reason for extending the charge at that amount was ever communicated to the defendants does not appear in evidence. The plaintiff now insists upon the allowance of item No. 70, because of the refusal of the defendants to consent to his withdrawal from the suit referred to in said item, and their neglect to settle and pay said account, and because the addition of the $700 charged in item No. 70 to the $300 charged in item 46, is but just and reasonable, considering the services rendered."

The plaintiff wrote the defendants September 27, 1888, withdrawing from all their suits. Between the time of rendering the statement in the fall of 1887 and the settlement of October 8, 1888, the plaintiff had rendered certain services for which he claimed recovery as per items No. 53 to 63 inclusive. In reference to these the report found:

"At the time said settlement was made the books of the plaintiff were not opened or examined. Defendants' exhibit No. 1, which is the statement of the account rendered by the plaintiff to the defendants in the fall of 1887, embraces all the charges that were considered by the parties on that occasion. The last charges appearing on that settlement were for services rendered at the September Term of Court, 1887. Items 53, 54, 55, 56, 57, 58, 59, 60, 61, 62 and 63 were charges which the plaintiff had made against the defendants for services rendered

after defendant's exhibit No. 1 had been sent to them by the plaintiff, and at the time of said settlement they were not mentioned by either party or considered, although, as a matter of fact, they were upon the plaintiff's book. It did not, however, appear that defendants had knowledge that such charges had been made in the plaintiff's book.

When the account so far as settled had been settled, it was suggested by one or both of the defendants that the plaintiff ought to release the property which had been attached upon the writ in this cause, and the plaintiff then and there gave the defendants a writing releasing the same. There was no conversation concerning a settlement of this suit, and the plaintiff had no thought of settling the same until the balance of his account embraced in the items last above mentioned was also adjusted."

*Farrington & Post,* for the defendants.

The plaintiff cannot add at this time $700 to his charge of $300 for the preparation and trial of the Noyes will case. He rendered an account to the defendants in which this charge was fixed at $300. That account was settled, and it is too late for the plaintiff to claim now that the charge was too small.

The plaintiff cannot recover as against O. A. Burton for any of the items embraced in the settlement rendered in the fall of 1887. That account was settled in October, 1888. By the terms of that settlement the plaintiff agreed to look to D. Noyes Burton for his charges in the will case, $830. O. A. Burton paid the balance of the account and the bill was receipted. The acceptance by a creditor of the liability of one of two joint debtors is a good consideration for an agreement to discharge the other. Jac. Fish. Dig. 3913 ; *Lyth* v. *Ault,* 7 Exch. 669 ; R. L. s 936 ; *Ambler* v. *Bradley,* 6 Vt. 119 ; *Cadens* v. *Teasdale,* 53 Vt. 469 ; Chit. Con. (11th Am. Ed.) 1379–80 and notes o and p ; Bouv. Law Dict. 242 ; *Ellsworth* v. *Fogg & Harvey,* 35 Vt. 355.

There was an accord and satisfaction. *Babcock et al.* v. *Hawkins,* 23 Vt. 561 ; *Childs* v. *Ins. Co.,* 56 Vt. 609 ; *Baptist Con.* v. *Ladd,* 58 Vt. 95.

(21)

Hard *v.* Burton and Burton.

*W. L. Burnap* and *Hard & Cushman*, for the plaintiff.

O. A. Burton was not released from liability as to the $830 by the settlement of October 8th, 1888. It was not a novation. No new element was introduced. The plaintiff gained nothing, and the defendants surrendered nothing. 2 Chit. Con. 1372; 6 Wait Act. & Def. 408, 409; *Keeler* v. *Neal*, 2 Watts, 424.

There was no consideration for the discharge of O. A. Burton. *Harrison* v. *Close*, 2 John. 448; *Smith* v. *Rogers*, 17 John. 340; *Woodward* v. *Miles*, 4 Fost. 289.

It was not an accord and satisfaction. *Davis* v. *Noaks, supra; Keeler* v. *Neal, supra; Woodward* v. *Miles, supra; Lodge* v. *Dicas*, 3 Barn. & Ad. 611, (5 E. C. L. 39); *Thompson* v. *Percival*, 5 Barn. & Ad. 925 (27 E. C. L. 241); *Piper* v. *Kingsbury*, 48 Vt. 485.

The plaintiff only agreed by the settlement of October 8th to discharge O. A. Burton upon condition that D. Noyes Burton paid according to his agreement, and he did not. Hence a recovery can be had on the original debt. *Kromer* v *Heim*, 75 N. Y. 574; *Babcock* v. *Hawkins*, 23 Vt. 561.

The opinion of the court was delivered by

ROWELL, J. Defendants requested the auditor to find whether plaintiff, on October 8, 1888, settled all the account he had against them jointly up to the time he rendered his account in the fall of 1887, called " Defendant's Exhibit No. 1."

The auditor finds that " in the fall of 1887 the plaintiff rendered to the defendants a statement of his account *down to that time*." He also finds that said exhibit, which is the account thus rendered, " embraces all the charges that were considered by the parties on that occasion," which means that all the charges embraced therein were then settled, in the manner found, of course, and an inspection of the exhibit shows the same. This was a substantial compliance with the request.

The report states that the plaintiff insisted on the allowance of the 700-dollar item in question, " because of the refusal of the defendants to consent to his withdrawal from the suit

referred to in said item," and for other reasons named. The defendants requested the auditor to strike out what is quoted, for that there was no testimony tending to show that they knew that plaintiff intended to withdraw, nor that they ever refused to allow him to withdraw. We think the statement objected to was not intended by the auditor as a finding of fact, but only as a statement of a reason given by the plaintiff why the item should be allowed. This is manifest from the fact that further on in the report the auditor makes findings on this very point that seem to preclude the idea that he intended the statement as a finding of fact. But if he did, the testimony warranted it, for the plaintiff testified that after he wrote the letter of April 8, 1888, to the defendants, he thought he received a letter from one or both of them, not consenting to his withdrawal; and on objection being made and the production of the letter called for, he said he wasn't certain that it was a letter, but it was some communication from them. As no objection was taken to this testimony by excepting to the report for its admission, the question of its admissibility cannot be raised now. *Kidder* v. *Smith*, 34 Vt. 294.

Defendants object that the auditor did not comply with their request to find what were the contents of said letter of April 8th as testified to by the plaintiff, and that the testimony did not tend to show that it contained what the auditor finds it contained. But this objection cannot be sustained. The plaintiff could not find a copy of that letter, and did not profess to remember its contents accurately, but testified to his general recollection of it; and the auditor's finding as to its contents is pretty much in the language of the plaintiff's testimony. Besides, it must be remembered that this letter was presumably in the defendants' possession, and could have been produced by them, for aught that appears, if they deemed its exact language important.

This brings us to a consideration of the main questions in the case. And first, of the $830, which is composed of charges for plaintiff's services in the Noyes will case, made to both defend-

ants. In respect of this amount the auditor finds that on the occasion of the settlement of October 8th, and as a part of it, the plaintiff, " at the request of both defendants, then and there agreed to charge to the defendant D. Noyes Burton the sum of $830 of the debits contained in said account, the said D. Noyes Burton then and there assuring the plaintiff that he would pay said amount in monthly payments of $100 each," but that he has never paid the same nor any part thereof.

In said settlement this amount was credited, which, with $200 discounted and some small cash credits, left the balance of the account at $716, which the defendant O. A. Burton then and there paid by his bank check and time notes, and the plaintiff receipted the account as settled accordingly, but now seeks to recover said sum of $830 of both defendants.

At the time of said settlement the charges that go to make up that sum constituted a valid debt against both defendants; and the question is, Did what then transpired have the effect to discharge the defendant O. A. Burton from that liability?

The defendants claim that it did, on the ground that the acceptance by a creditor of the sole and separate liability of one of two or more joint debtors is a valuable consideration for an agreement to discharge all the others.

The plaintiff claims the contrary, on the ground that the transaction did not amount to an accord and satisfaction, which defence, he says, can be availed of only on the ground of novation; and because there was no consideration for his agreement; and for that it does not appear that the agreement of D. Noyes Burton was received in express satisfaction of the joint liability, and that his naked promise could not *per se* effectuate the release of the other defendant.

We need not stop to inquire whether there is any difference between novation and accord and satisfaction, for they are all one for the purposes of this case. Lord Chancellor Selborne says that novation, a term borrowed from the Roman Law, means that there being a contract in existence, some new contract is substituted for it, either between the same or differ-

ent parties, the consideration mutually being the discharge of the old contract; that a common instance of it in partnership cases is, where upon the dissolution of a partnership the persons who are going to continue the business agree and undertake, as between themselves and the retiring partner, that they will assume and discharge the whole liabilities of the business, usually taking over the assets, and if in that case they give notice of that arrangement to a creditor, and ask for his accession to it, there becomes a contract between the creditor who accedes and the new firm, to the effect that he will accept their liability instead of the old liability, and on the other hand that they promise to pay him for that consideration. *Scarf* v. *Jardine,* 7 App. Cas. 351. Justinian says that novation takes place only when the contracting parties expressly disclose that their object in making the new contract is to extinguish the old contract; that otherwise the old contract remains in force and the new contract is added to it, and each gives rise to an obligation still in force. *Inst. Lib.* III, *Tit.* XXIX, pl. 3. We allow this intention to be inferred from circumstances, although some cases call for an express declaration of it.

It was once thought that when, upon the dissolution of a firm, the partner who continued the business agreed to take the debts upon himself, a firm creditor could not, by assenting to the agreement, discharge the retiring partners from liability. It is said that this notion was principally founded upon *Lodge* v. *Dicas,* 3 B. & Ad. 611, and *David* v. *Ellice,* 5 B. & C. 196, although they did not, perhaps, warrant it to its full extent. But this doctrine, which was based on the ground of no consideration to the creditor, was much complained of, and finally came to be fully considered in *Thompson* v. *Percival,* 5 B. & Ad. 925. That was assumpsit for goods sold and delivered, and was this: The defendants, James and Charles Percival, had been in partnership and dissolved in the usual way, James to continue the business and receive and pay all debts. At the time notice of dissolution was first given to plaintiffs, they had a demand against the firm, for which James told them they must

Hard v. Burton and Burton.

look to him alone. Afterwards they drew a bill on James for the amount, which was accepted but dishonored, and they gave time to pay, but finally brought suit against both defendants. A verdict having been taken for the plaintiffs on these facts, a new trial was granted, that it might be left to the jury to find whether or not the plaintiffs expressly agreed to take, and did take, the separate bill of James in satisfaction of the joint debt, the court holding that if they did, the defendant would be entitled to a verdict. PARKE, B., in *Hart* v. *Alexander*, 2 M. & W., at page 492, says this case very much shakes the authority of *Lodge* v. *Dicas* and *David* v. *Ellice*. *Lyth* v. *Ault*, 7 Exch. 669, is to the same effect as *Thompson* v. *Percival*, and exactly supports the defendant's proposition as stated above, namely, that the acceptance by a creditor of the sole and separate liability of one of two or more joint debtors is a valuable consideration for an agreement to discharge all the others.

There are many cases in this country to the same effect, most of them being where the separate promissory note of one was taken by the creditor in discharge of all, and usually in cases of partnership after dissolution. *Sheehy* v. *Mandeville*, 6 Cranch, 253 ; *Harris & Donaldson* v. *Lindsay*, 4 Wash. C. C. 271 ; *Waydell* v. *Luer*, 3 Denio, 410, and cases *passim*..

The agreement relied upon to discharge the defendant O. A. Burton has not been performed by the other defendant, nor does it appear that the plaintiff agreed to accept the latter's *assurance* of performance in discharge of the former. The rule is that if the *new promise itself* be the thing accepted in discharge, it will be operative accordingly, but that if the *performance* of it and not the *promise itself* be the thing accepted, there will be no discharge without performance. 1 Sm. L. C. *444, *447 ; *Kromer* v. *Heim*, 75 N. Y. 574; *Morehouse* v. *Second National Bank of Oswego*, 98 N. Y. 503 ; *City of Memphis* v. *Brown*, 20 Wall. 289, 308. And see this rule well stated in Prof. Benjamin's Principles of Contract, 143 *et seq.*

An accord is sufficiently executed when all is done that the party agreed to accept in satisfaction ; but what he did agree to

accept should be shown by an agreement or some unequivocal act. It is enough if the new promise is executed to the point at which it was intended to operate in discharge of the others, but such execution must appear. *Babcock* v. *Hawkins*, 23 Vt. 561; *Stults* v. *Newhall*, 118 Mass.

It not being claimed that the receipting of the bill by the plaintiff as settled, with the $830 credited as aforesaid, was in the circumstances such an unequivocal act as of itself to show the requisite agreement to ‧ accept the *assurance* of D. Noyes Burton in discharge of the other defendant, it is necessary in order to make the defence set up available, the new agreement not having been performed, that it should appear that the plaintiff otherwise agreed *to* accept that assurance in such discharge. This is not expressly found. Nor is it involved in what is found. The plaintiff “agreed ” to charge to D. Noyes Burton, who “assured” plaintiff he would pay. This is not a finding that the plaintiff agreed to *accept* said assurance in discharge. Thus, in *Flockton* v. *Hall*, 14 Q. B. 380, s. c. 16 Q B. 1039, a plea in bar of further maintaining the action alleged that “it was agreed ” that certain things named should be done, and the action and the causes of action included therein, “settled, satisfied, discharged, and terminated by the arrangement and agreement aforesaid,” and the plea was held ill for not alleging that the agreement was *accepted* in satisfaction. *Thompson* v. *Percival* was sent back for an express finding on this point. In *Lyth* v. *Ault* the plea expressly alleged an acceptance of the defendant Wood alone as plaintiff’s debtor instead of the defendants jointly, and a discharge of the defendant Ault.

In *Parker* v. *Cousins*, 2 Gratt. 372, 44 Am. Dec. 388, it is said to be safe to affirm, on principle and authority, that an unperformed like promise made to the same party by one of two already bound for the same debt, will not discharge the other debtor unless the parties making and accepting the new promise intended or stipulated that such discharge should be the consequence of the making and accepting of the new several promise.

Nor will the law presume in such case that the creditor agreed to accept the new contract in discharge of the old, but the party alleging that must prove it. *Woodward* v. *Miles*, 4 Fost. 289. We take no note of the fact that on the occasion of said settlement the defendant O. A. Burton said he never employed the plaintiff in the will case, for the auditor says that statement was not long persisted in, from which we infer that it was abandoned, and so it was not a settlement of a disputed liability, and no compromise.

It results, therefore, that here is no substitution of the separate liability of one defendant for the joint liability of both, and hence recovery may be had against both.

There being no such substitution, and both defendants being liable for plaintiff's services in the will case, no reason is suggested why plaintiff cannot recover the $300, which is for preparing and trying the case, and parcel of the $830, increased by the $700 sought to be added.

The purpose for which plaintiff extended that charge on his books at $300 failed, in part at least, and he knew in the time of it that that was much less than he ought to have, and the auditor has found that he justly and reasonably deserves to have $1,000 for that service, and if he cannot have it, it is because his conduct in respect of the matter precludes him from having more than he originally charged.

But he is not precluded by election, for it is not a case of choice between inconsistent courses of action. Nor is he precluded by estoppel even as to the defendant O. A. Burton; for although at said settlement the latter paid the balance of said account in the circumstances named, yet he thereby did no more than he was legally bound to do, namely, pay his own debt. The doctrine of equitable estoppel does not apply when the party claiming the benefit of it has been induced to do only that which he might have been compelled to do, whatever motive the other party may have presented to induce the action. *Organ* v. *Stewart*, 60 N. Y. 413. And again, an equitable estoppel operates only in favor of him who has been misled to his injury, and he alone can set it up. *Ketchum* v. *Duncan*, 96 U. S.

659; *Strong* v. *Ellsworth*, 26 Vt. 366; *White* v. *Langdon*, 30 Vt. 599; *Earl* v. *Stevens*, 57 Vt. 474. Now a man is not injured by paying his own debt; nor by paying part of it under an agreement that the creditor will accept in discharge of the rest performance of his co-debtor's promise to pay the balance, especially when, performance not being made, it does not appear that he was put in any worse plight by reason of the agreement. Neither does payment of part of an acknowledged debt after maturity afford any consideration for a release not under seal of the remainder, nor have any effect as an accord and satisfaction. *Lathrop* v. *Page*, 129 Mass. 19; *Wheeler* v. *Wheeler*, 11 Vt. 60; 28 Am. Rep. 293, note.

Nor is plaintiff precluded by estoppel as to either defendant by reason of what he did in respect of the $300 charge. In *Williams* v. *Glenny*, 16 N. Y. 389, plaintiff performed legal services for defendant, and subsequently rendered a bill thereof in which he charged them in gross at $150. Afterwards plaintiff brought suit therefor on a *quantum meruit*, and proved them worth $500. Defendant gave in evidence the bill rendered, and insisted that plaintiff could recover only $150, the sum therein charged; but the referee decided otherwise, and was sustained. The court said: "Plaintiff's own estimate of the value of his services was high evidence against him, and doubtless had its due weight given to it by the referee; but it was not in the nature of an estoppel to preclude the truth. Had the defendant paid the bill when presented, it would have been an accord and satisfaction, although less than the real value of the services. But he chose to litigate, and the question of the value of the services was open to proof as a question of fact."

Plaintiff is entitled, therefore, to recover for this service what the auditor has found he justly and reasonably deserves to have.

It was said in argument and not denied, therefore we treat it as true, that the judgment below, which was for $1,654.89, was made up of the $830, the $700, and items 54 to 63 inclusive of plaintiff's specification as shown on defendant's exhibit No. 5.

It is found that these items are for services rendered by plaintiff for defendants after defendants' exhibit No. 1 was sent to

Hard *v.* Burton and Burton.

them and before the settlement of October 8th, at which time they stood charged on plaintiff's books, but nothing was then said about them, and it does not appear that defendants then knew of their existence. It also appears that said services were rendered before the writing of plaintiff's letter of Sept. 27, 1888. At the time of that settlement this suit was pending, and the property attached therein was then released, but nothing was then said about settling the suit, and the plaintiff had no thought of settling it till the balance of his account embraced in said items was also adjusted.

There is nothing in the case to show that plaintiff withdrew from defendants' business before the letter of Sept. 27, 1888, and as nothing is included in the judgment for services rendered or disbursements made after that time, it is not important to inquire as to the effect of that letter.

As to the $45 that D. Noyes Burton paid to plaintiff on March 10, 1888, on account of disbursements to Benham and Ferguson, $35 of it is satisfactorily accounted for as paid to Benham; but the balance is not accounted for as paid to Ferguson, for in the settlement of Oct. 8th plaintiff was otherwise paid for his disbursement to him. Defendants claim that that balance should now be applied in payment of $4.34 clerk fees paid by plaintiff on July 23, 1889, and of twenty-five cents paid for telegraphing to Post on March 20, 1888, and the rest in payment of expenses incurred by plaintiff before said settlement but not paid until after, and no bill rendered for them.

It is not claimed that this matter constitutes any error in the judgment, but only that application should be made as aforesaid, and as plaintiff consents to it, it is ordered accordingly, except that nothing is to be applied for telegraphing to Post, as that went into the judgment.

Although the auditor does not state the account in all aspects of the case, yet, as plaintiff is at all events entitled to recover what he had judgment for, and as he claims no more and did not except, there is no need of sending the case back.

*Judgment affirmed.*

TYLER, J., being indisposed, did not sit.