BARRE GRANITE COMPANY *v.* ALEXANDER FRASER.

October Term, 1908.

Present: ROWELL, C. J., TYLER, MUNSON, and WATSON, JJ.

Opinion filed January 21, 1909.

*Novation—Nature and Requisites—Non-negotiable Chose in Action—Assignment as Security—Persons Entitled to Sue.*

To constitute a novation, the original debtor must be discharged from his liability to his original creditor and, by the latter's order, contract a new obligation to a new creditor.

A third person, having a contract with defendant to manufacture ten monuments for him at a fixed price, assigned the contract to plaintiff to secure it for stock and materials furnished for the construction of the monuments. Plaintiff notified defendant of the assignment, which he acknowledged by letter stating that payment would be made to plaintiff, and suggesting that when shipment was made, the invoice be sent by the original contractor indorsed in favor of plaintiff. Plaintiff answered that, if the original contractor failed to indorse the invoice, plaintiff would nevertheless expect payment to be made to it. After defendant had received two of the monuments and paid for one of them, he cancelled the contract for the other eight, and plaintiff assigned the contract and the amount due thereon. *Held*, that the assignment to plaintiff was of a non-negotiable chose in action as security for a debt, and not a novation entitling plaintiff to sue defendant in its own name for the unpaid price of the monument forwarded to defendant.

GENERAL ASSUMPSIT. Plea, the general issue. Trial by jury at the March Term, 1908, Washington County, *Hall,* J., presiding. At the close of all the evidence each party moved that a verdict be directed in its favor. The defendant's motion was overruled, to which he excepted. Verdict ordered for the plaintiff, and judgment thereon, to which the defendant excepted. The opinion states the case.

*Richard A. Hoar* for the defendant.

The defendant's motion for a verdict should have been granted. The sole consideration for the acceptance of the assignment was that the invoice be indorsed by the Sterling Granite Co. in favor of plaintiff; that was not done, and the consideration failed. The assignment was given only as security; and such assignment gives the assignee only a qualified interest in the thing assigned, although the assignment be absolute in terms. 4 Ency. L. & Proc. 65; 4 Ibid 66; *Henry* v. *Davis*, 7 Johns. 40; 1 *Parsons Cont.* 237.

*M. M. Gordon* and *John W. Gordon* for the plaintiff.

The promise, agreement and undertaking of each party was a sufficient consideration for the promise, agreement and undertaking of every other party to such novation. *Bacon* v. *Bates*, 53 Vt. 30; *Cadans* v. *Teasdale*, 53 Vt. 469; *Balch* v. *Aldrich and Jones*, 56 Vt. 68; *Atwood* v. *Mt. Holly*, 65 Vt. 121.

TYLER, J. It appears by the exceptions that in August, 1905, the defendant Fraser, a wholesale dealer in granite in Mansfield, Ohio, made a written contract with one Jordan, who did business in Barre in this State under the name of the Sterling Granite Company, for the manufacture of ten monuments at $100 apiece; that Jordan, the next November, assigned the contract to the plaintiff, the Barre Granite and Quarry Company, to secure it for stock and material furnished him for the construction of the monuments; that the plaintiff thereupon gave the defendant written notice of the assignment, which he acknowledged. In his letter to the plaintiff, acknowledging notice he said:

"Your favor of the 5th inst. is at hand enclosing two contracts one for No. 12,766 and one for 10 stock monts. ordered Aug. 10th, which contracts have been assigned to you by the Sterling Granite Co. We have made a note on same that payment for these jobs when shipped shall be made to you, but we have also suggested to the Sterling Granite Co., whom we are writing by this mail, that when they make shipment they send their invoice in the regular way indorsed over in your favor. If they will carry out this suggestion it will simplify matters greatly and conform to our regular system."

"There is one point however that is not clear and on which we wish you would advise us, and that is, is the Sterling Granite. Co. going to complete these orders or will they be built elsewhere?"

"It makes no difference to us who ships the work or whom we pay for it so long as we receive what we order. We return herewith the contracts mentioned above."

To this letter the plaintiff replied that the work would be cut by the Sterling Granite Company according to the original contract, unless it should become embarrassed in some way, in which case the plaintiff would probably see that the work was completed elsewhere. It further said:

"Your suggestion to invoice is all right, but should the Sterling Granite Company fail to indorse the invoice over in our favor we shall expect you to make remittance to us just the same."

The correspondence shows that there were delays in the execution of the contract; that two monuments were finally completed and forwarded to the defendant by the Sterling Granite Co.; that one was paid for by the defendant; that the other is the one now in controversy; that the defendant cancelled the contract for the remaining eight; that in March, 1906, the plaintiff assigned the contract and the amount due upon it to Chas. H. More & Co.

The only question is whether there was a novation of parties so that the plaintiff was entitled to maintain this action of general assumpsit in its own name against the defendant to recover the price of the monument.

It is essential to a complete novation that the original debtor be discharged from his liability to his original creditor by contracting a new obligation in favor of a new creditor by the order of the original creditor. *Heaton* v. *Angire*, 7 N. H. 397, 28 Am. Dec. 353, illustrates the rule. In that case H sold a wagon to A who sold it to C, who promised to pay A the price that A had promised to pay, and H agreed to take C as his debtor; held, that the agreement discharged A from the debt and that H might recover the price of C. *Tatlock* v. *Harris*, 3 D. & E. 180, is cited in the opinion, where *Buller,* J., said: Suppose A owes B one hundred pounds, and B owes C the same sum, and the three agree among them that A shall pay C that sum: B's debt is extinguished and C may recover the sum of A.

In *Hard* v. *Burton*, 62 Vt. 314, 20 Atl. 269, the Court quoted from Justinian, Inst. Lib. III, tit. 19, pl. 3, where he says that novation takes place only when the contracting parties expressly disclose that their object in making the new contract is to extinguish the old contract; that otherwise the old contract remains in force.

Our own cases are in accordance with this rule. In *Bacon* v. *Bates,* 53 Vt. 30, W. and W. by a written order directed the defendant to pay the plaintiff whatever sum might be found due them on settlement. The defendant accepted the order by writing his name across it; held, that upon the plaintiff receiving and presenting the order to the defendant and his accepting it there was a novation and that the plaintiff might maintain an action upon the order in his own name. *Trow* v. *Braley,* 56 Vt. 560; *Hard* v. *Burton, supra.* See, also, *Studebaker Bros. Mfg. Co.* v. *Endom,* 51 La. Ann. 1263, 26 So. 90, 72 Am. St. Rep. 489 and notes.

Is the present case within the rule? Clearly it is not. The transaction was in law, an assignment of a non-negotiable chose in action as collateral security for the payment of a debt and was not a novation.

The trial court erred in holding that the plaintiff could maintain the action in its name.

*Judgment reversed and judgment for the defendant to recover his costs.*