## J. H. Gails *v.* Schooner Osceola, Master and Owners.

Novation does not take place unless by the terms of the agreement, or a full discharge of the original debt.

Where the proceeding is *in rem* founded on a privilege, the defendant cannot except to the jurisdiction of the court, on the ground of his domicil being in a different parish from that where the seizure was made.

APPEAL from the Sixth District Court of New Orleans, *Howell*, J.

*Singleton & Clack*, for plaintiff. *P. Childress*, for defendants and appellants.

LAND, J. This suit was commenced by a provisional seizure for the recovery of the sum of $456 40, alleged to be due for materials furnished and work and labor done on the schooner Osceola, for which the plaintiff claimed a privilege on the vessel.

The defendant excepted to the jurisdiction of the court, on the grounds that his domicil was in the parish of Livingston, and that the plaintiff's privilege, if it ever existed, had been lost by limitation. He also moved to set aside the writ of provisional seizure. His exceptions were overruled, and he answered to the merits by pleading a general denial, *payment, novation,* and a demand in reconvention for $1200.

The general denial was waived by the pleas of payment and novation. *Dean v. Jackson*, 1 N. S. 172 ; *Furgurson v. Thomas*, 3 N. S. 75 ; *Judice v. Brent*, 6 N. S. 226.

These pleas admitted the former existence of the draft, and the defendant thereby assumed the burden of proof on himself to show that the debt had been extinguished in one of the modes pleaded in his answer.

From the evidence, it appears that the plaintiff and defendant, *G. W. Watterson*, the owner of the schooner, had a settlement of accounts for the materials furnished and the work done on the Osceola, and that the plaintiff signed a receipt at the foot of his account, in these words :

" Received, April 5th, 1857, from *G. W. Watterson* one hundred dollars in cash and an order on *S. Newburger* for the balance in full."

It is well settled law, that where the creditor " *receives in payment of his debt*" either the note of his debtor or that of a third person, or a draft upon a third person, it is a novation of the debt, which is thereby extinguished with all its accessory rights and privileges. *Barron v. How*, 2 N. S. 144 ; *Abat v. Nolté*, 6 N. S. 637 ; *Hunt v. Boyd*, 2 L. 111 ; *Walton v. Bemiss*, 16 L. 140 ; *White v. McDowell*, 4 A. 543.

In the case of *Barron* v. *How* the account was receipted as follows : " Received payment by *David Falcott's* notes at three and four months."

In the case of *Abat* v. *Nolté* the proof was *direct that the draft had been received in payment of the antecedent debt.* In the case of *Hunt* v. *Boyd*, the account was receipted as follows : " Received payment by draft of *John Boyd & Co.* at thirty days sight. In the case of *Walton* v. *Bemiss* the account was receipted thus : " Received payment by note payable at four months." In the case of *White* v. *McDowell* the account was receipted : " Received payment by note of *Elizabeth Ross*."

In all these cases there was an *express acknowledgment in writing*, or *direct proof that the note or draft had been received in payment.*

In the case before the court there is no such *express admission or direct proof* that the order or draft on *Newburger* was received by the plaintiff in payment of the balance of his account. The draft was received for the balance in full ; and it is as just and reasonable to say that it was received in full of the account *when paid*, as to say it was in full payment of the account.

Novation is not presumed, it must be express, or result clearly from the terms of the agreement, or from a full discharge of the original debt. C. C. 2186.

The defendant has, therefore, failed to prove a novation of his original debt, and has likewise failed to prove its payment.

As to the reconventional claim of defendant, we are of opinion that his settlement of accounts with the plaintiff on the 5th of April, 1857, was a waiver of any demands that he might have had against plaintiff growing out of his contract for materials and repairs to the schooner Osceola.

The exception to the jurisdiction of the court was properly overruled ; the proceeding was *in rem* founded on a privilege which attached to the schooner. *Hennen* v. *Steamer St. Helena*, 5 An. 352.

The privilege was not prescribed at the date of the seizure. The vessel was in possession of the plaintiff, undergoing repairs, on the 22d of March, 1857, and this suit was commenced and the schooner provisionally seized on the 13th of April following. C. C. 3212 ; *Lee* v. *Creditors*, 2 An. 599 ; *Scott* v. *Creditors*, 3 An. 40.

It is, therefore, ordered, adjudged and decreed, that the judgment be affirmed, with costs in both courts.

---

## SAME CASE—ON A RE-HEARING.

LAND, J. The only evidence offered by defendant to prove his reconventional demand, related to damages alleged to have *resulted* from the *delay* of plaintiff in completing the repairs of the schooner. This delay and the damages consequent thereon were known to defendant *before* his final settlement with plaintiff, on the 5th of April, 1857.

If there was a defect in the repairs, discovered *after* the *settlement*, no evidence of the fact was offered on the trial. Nor was there allegation or proof of error in the settlement.

Re-hearing refused.