## No. 13,017.

### STUDEBAKER BROS. MANUFACTURING COMPANY VS. FRED. ENDOM, TUTOR, ET AL.

#### SYLLABUS.

1. To constitute the contract of novation, on the essential point of the extin-

guishment of the pre-existing obligation, there must appear the consent of both contracting parties.

2. The *intention* of the obligor that the existing debt should be discharged by the new obligation he enters into, does not suffice. The creditor must concur in this.

A PPEAL from the Fifth Judicial District Court for the Parish. of Ouachita. *Potts, J.*

*A. A. Gunby* for Plaintiff and Appellee.

*E. T. Lamkin* and *W. F. Millsaps* for Defendants and Appellants.

Argued and submitted January 30, 1899.
Opinion handed down May 29, 1899.

The opinion of the court was delivered by

BLANCHARD, J. This case was before the court in June of last year, on appeal by defendants from a judgment favorable to plaintiffs.

Considering the trial court had erred in sustaining an objection raised by plaintiffs to a question asked Fred. Endom, a witness called to testify for defendants, the judgment was reversed and the case remanded in order that the testimony of the said Endom might be taken.

See 50 La. Ann. 674 (23 So. Rep. 872) where the necessary facts for a proper understanding of the controversy are stated.

The case is again before us on appeal by defendants from an adverse decree entered up against them as the result of the second trial.

The community existing between Fred. Endom and his wife owed plaintiffs $2,687.73 on account. On July 1, 1893, three promissory notes of Endom, as head and master of the community, were given for the debt. Shortly afterwards the wife died. Endom qualified as natural tutor for the minor heirs of the wife. The wife's succession, as such, was not opened and there has been no administration of the same as a succession.

When the first of the three notes, given as above, matured, it was not paid. Mrs. Endom was then dead.

Not being able to meet the matured note, it was agreed between plaintiff and Endom, that the three outstanding notes (one due, two-

not yet due) should be taken up by four notes representing the principal and interest of the first three notes.

Accordingly, on February 6, 1894, the four new notes were executed, replacing the old notes, and the latter were surrendered to Endom, who was alike the signer of both sets of notes.

The day following, Endom, to secure the four new notes, executed a special mortgage in favor of plaintiffs on certain real property belonging to the community. By its terms the mortgage covered *the whole* of the property.

Subsequently, plaintiffs brought suit on the notes and asked recognition of mortgage on Endom's *interest* in the property mortgaged. Judgment followed against Endom for the amount of the notes and recognizing and ordering enforced the mortgage on his interest in the property.

Neither the heirs of the wife nor her succession were made parties to the suit.

It would seem that plaintiffs have not been able to realize the amount due them on this judgment against Endom and his interest in the community property mortgaged.

Therefore it is that the present action is brought. Its object is to subject to the payment of the debt the share of the community property claimed by the wife's heirs under benefit of inventory.

The major heirs are made parties defendant and Fred. Endom, as tutor, is cited on behalf of the minor heirs.

The petition recites the facts and circumstances leading down to institution of the suit.

The defense is 'extinguishment by novation of the antecedent community obligation and the consequent release of the wife's interest in the community property and discharge of her heirs.'

Plaintiffs having offered the deposition of two witnesses to prove the allegations of their petition, defendants objected to the testimony on the ground that plaintiffs had declared on certain notes, and parol evidence was not admissible to prove the existence and contents of the notes in view of the fact that there was no allegation of their loss or destruction, and on the further ground that having declared on notes, evidence was not admissible to establish an indebtedness on an open account.

This objection was properly overruled. Plaintiffs' action can not

80

be regarded specifically as a suit on the original notes, nor yet on the account of indebtedness preceding them.

Their petition is a recital of the facts, from which, if true, results the liability of the wife's share of the community property for the debt, unless the special defense of novation set up by defendants is established.

The sole question, then, at issue is whether the indebtedness due plaintiffs for carriages and vehicles sold to Endom prior to the death of his wife, was novated after her death by the taking of new notes from Endom in lieu of those executed during the lifetime of the wife.

The plea of novation admits the debt sued for and throws upon defendants the burden of proving the state of facts necessary to show its extinguishment.

Gails vs. Schooner Osceola, 14 La. Ann. 54.

Novation is never presumed; the intention to make it must clearly result from the terms of the agreement, or by a full discharge of the original debt. C. C. 2190; Holme vs. Middleton, 14 La. Ann. 484.

It is a contract consisting of two stipulations, one to extinguish an existing obligation, the other to substitute a new one in its place; and the pre-existent obligation must be extinguished, or there is no novation. A mere modification of it will not do; anything remaining of the original obligation prevents novation. C. C. 2185, 2187.

Applying these rules of the law to the facts of the case at bar our conclusion is the plea of novation can not be sustained.

Endom, whose testimony was taken on the second trial, declares, it is true, that the old indebtedness was absorbed by the new notes and mortgage, and that he considered the old notes canceled. He gets this idea from the fact that when the new notes were substituted for the old, the latter were surrendered to him. He states further that it was *his intention* by the execution of the four last notes and the mortgage to entirely extinguish the former debt evidenced by the three notes first given.

"His intention" alone does not suffice. The intention, too, of the other party must appear. To constitute the contract of novation, in the essential point of the extinguishment of the pre-existing obligation, there must be shown the consent of both contracting parties.

Here, one of the stipulations of the contract of novation alone appears, viz.:—that new notes were substituted for the old. As to the

other stipulations, to-wit:—an agreement to extinguish the then existing obligation, it is not established.

On the contrary plaintiffs' agent, who dealt with Endom at the time, testifies there was no intention whatever to release the estate of Mrs. Endom or to novate the debt; that there was no agreement to that effect; that the subject was not discussed between himself and Endom; that the latter, being unable to pay the notes at the time, simply proposed to renew them to a certain date and offered to mortgage some property to secure the deferred payments. This was acceded to. Mrs. Endom's name, or her death as affecting the liability of the whole community property for the debt, was not mentioned at all.

This evidence is corroborated by that of another of plaintiffs' employees, who was chief accountant for the company, and, as such, had control of the settlement of all its outstanding claims. It was he who sent the agent who dealt directly with Endom and gave him the instructions as to the settlement to be made, etc.

The case is identical, or very nearly so, with that of Rusk, Administrator, vs. Warren, Crawford, et al., 25 La. Ann. 314, and controlled by it. See also Baker vs. Frellson, 32 La. Ann. 822; 33 La. Ann. 1444; 34 La. Ann. 534; 41 La. Ann. 880; 48 La. Ann. 1156.

Judgment affirmed.