The plaintiff bank filed a suit against the defendant, via ordinaria, to enforce a note secured by special mortgage for the sum of $1,829.37, with eight per cent interest per annum thereon from December 1, 1934, until paid, and an additional amount of ten per cent on the principal and interest for attorneys fees. The note and mortgage were executed by the defendant in favor of the plaintiff bank on December 29, 1930, payable one year from that date, with interest at the rate of eight per cent per annum from date until paid, and the mortgage contains a declaration by the mortgagor to the effect that the property mortgaged belonged to the community which formerly existed between the mortgagor and his deceased spouse, Marie Rosa Broussard, and that the debt represented by the note identified with the mortgage was a debt of the said community, contracted during the marriage. The interest was paid on the note to December 1, 1934, and the foreclosure suit was begun in October, 1937.
A default judgment was rendered against the defendant for the amount of the note, interest, attorneys' fees and cost, with a recognition of the special mortgage by which the note was secured, ordering the mortgaged property to be sold to pay the amount of the judgment. A writ of execution issued on this judgment and the mortgaged property was seized by the sheriff, whereupon, the heirs of Marie Rosa Broussard, the deceased wife of the mortgagor, filed an intervention and third opposition in the suit, alleging that they were the owners of an undivided half interest in said property as heirs of the deceased; that the property mortgaged was community property belonging to the community existing between the mortgagor and his said wife who died on December 12, 1926; that said mortgagor was without authority to mortgage their undivided half interest in said property; that the note secured by said mortgage was not a community debt but was a personal obligation of said Ursin B. Broussard.
The intervenors pray to be recognized as owners of an undivided half interest in the property seized under the aforesaid judgment against Ursin B. Broussard; that as to their half interest in said property, the seizure be set aside and the mortgage, in so far as it affects their interest in the property, be decreed null and void. They also ask for $500 as attorneys' fees on account of the illegal seizure of this property.
The plaintiff bank answered this petition of intervention and third opposition and denied that intervenors and third opponents had any interest in the seized and mortgaged property, except a residuary interest after the payment of the debts of the community existing between Ursin B. Broussard and his deceased wife. The bank alleged that the debt for which the note and mortgage were given was a community debt, and outlined the various transactions forming the obligation due the bank and represented by the note on which the suit was brought.
By way of reconvention, the bank alleged that the intervenors had accepted the succession of the deceased wife of Ursin B. Broussard and had thereby made themselves liable for the debts of the community, including the debt represented by said note and mortgage, and the bank asked judgment in reconvention against the said intervenors and third opponents for one half the amount of said note, interest, attorneys fees and cost, with recognition of the right of the bank to proceed against the seized property as community property for the payment of said community debt.
The case was tried on an agreed statement of facts, and the trial court rendered judgment in favor of the bank and against the intervenors and third opponents, rejecting their demands, decreeing the debt sued on to be a debt of the community existing between said Broussard and his deceased wife, and further decreeing that each of the intervenors was liable for his or her virile share of one half said debt as heirs of their deceased mother and grandmother, with recognition of the right of the bank to proceed against the said community property to enforce the payment of said debt. From this judgment, the intervenors have appealed.
From the agreed statement of facts, it appears that the property seized belonged to the community existing between Ursin Broussard and his deceased wife; that the *Page 191 
intervenors and third opponents have accepted the succession of the deceased unconditionally and have been put in possession of her property by a judgment of court rendered just prior to filing the intervention. It is further agreed that at the time of the death of Broussard's wife in December, 1926, he was an accommodation endorser on three notes payable to the plaintiff bank as follows: first, note of Ernest Broussard for $200, endorsed by Vilia Romero and said Ursin B. Broussard; second, note of Odey Romero for $400, endorsed by Vilia Romero and said Ursin B. Broussard; and, third, note of Arthur Harrington for $1,054.74, endorsed by Ernest Broussard, Odey Romero and said Ursin B. Broussard. All of these notes endorsed by Ursin B. Broussard as aforesaid contained the provision on their face that the maker and endorsers bound themselves in solido to pay the amount of the note.
These three notes were renewed from time to time, culminating in the execution by Ursin B. Broussard in December, 1930, of the note and mortgage forming the basis of this suit, the amount of said note being the total balance then due on said three notes originally endorsed by Broussard as aforesaid. The note of Ernest Broussard was renewed some five times by the giving of a new note with the same endorsers (Ursin B. Broussard, of course, endorsing these renewal notes after the death of his wife). At the time Broussard gave the note in suit there was due on the Ernest Broussard note $150 and interest. The Odey Romero note was renewed twice by the giving of a new note with the same endorsers, but when this note was again renewed in December, 1928, an additional endorser, Armene Broussard, was added. This latter renewal note was again renewed by the giving of a new note signed by Odey Romero and endorsed by Vilia Romero, Ursin B. Broussard and Armene Broussard. This last renewal note endorsed as aforesaid was taken up by Ursin B. Broussard in the note and mortgage involved in this suit.
The note of Arthur Harrington had a little different history. It was renewed one time by a new note with the same endorsers, but on the second renewal note Angela Broussard was added as an endorser. This note was itself renewed one time with the same endorsers, but this last renewal note was taken up on November 18, 1929, by a note signed by Ursin B. Broussard for $1,139.10 and endorsed by Odey Romero, Ernest Broussard and Angela Broussard. This note was again renewed by a note of Ursin B. Broussard with the same endorsers, and this last note was taken up by Ursin B. Broussard in the note and mortgage involved in this suit. Arthur Harrington was discharged in bankruptcy in November, 1929, which fact explains why he was not a party to any renewal notes after his note was renewed by a note given by Ursin B. Broussard as maker and endorsed as aforesaid.
From the above recital of the history of these various transactions, it will be seen that Ursin B. Broussard changed his liability on the community obligation as it existed at the time his wife died from that of an accommodation endorser of the three notes wherein he was liable in solido with the makers and endorsers to the bank (with a right of re-imbursement against the makers and a right of contribution from his co-endorsers) to a primary obligation on his part as maker of the mortgage note which he attempted to secure by a mortgage on the community property in which the heirs of his deceased wife had an undivided half interest. It is obvious that this surviving husband not only changed the nature of the community liability, but he made it more burdensome by assuming a primary obligation in the place of a secondary one and by releasing important rights of reimbursement against the original makers and by making it impossible for him to force contribution from his co-endorsers in case he was forced to pay the solidary obligation. Furthermore, he undertook to secure this primary obligation by a mortgage on the community property without the consent of the heirs of his deceased wife.
The community property is liable for the community debts, and the husband has the right to administer the community property after the death of his wife and make bona fide settlements of the debts of the community. In settling and adjusting the debts of the community, the surviving husband has the right to give renewal notes and procure extensions and compromises on community obligations, as well as to acknowledge and keep alive these obligations of the community after the death of his wife. The interest of the heirs of the wife in the community property is only residuary and is subordinated to the payment of the debts of the community. Rusk, Adm'r, v. Warren et al., 25 La.Ann. 314; Hawley v. Crescent City Bank et al., 26 La.Ann. *Page 192 
230; Studebaker Bros. Mfg. Co. v. Endom et al., 51 La.Ann. 1263, 26 So. 90, 72 Am.St.Rep. 489.
It follows that Ursin B. Broussard had the right to endorse renewal notes to procure extensions on the obligations of the community existing at the time this community was dissolved by the death of his wife. But he did more than this, as he completely changed the nature of the existing liability, as already stated, from that of an accommodation endorser having certain valuable rights against the makers and co-endorsers, to a primary and unconditional obligation on his part without any rights against the makers and co-endorsers and with a mortgage securing that obligation on the community property. While the husband has the right to administer the community property after the death of his wife and make bona fide settlements with creditors of the community, he cannot encumber the community property and change the nature of the debt from an unsecured obligation to one that is secured by a mortgage on the interest of the heirs of the wife in the community property without their consent. Harman Stringfellow v. LeGrande et al., 151 La. 253, 91 So. 726.
Therefore, the note and mortgage executed by Ursin B. Broussard in favor of the plaintiff bank on December 29, 1930, as well as the judgment rendered thereon against said Broussard on October 26, 1937, must be held to have no effect on the interest of intervenors in the property herein seized and sought to be sold.
We are not in a position to pass on the reconventional demand of the bank in which it asks that the debt represented by the note and mortgage herein sued on be recognized as a community debt, and that the intervenors as heirs of the deceased spouse be condemned for one half the amount of said note, interest and attorneys fees and the community property be decreed subject to the payment of said debt. In the first place, these heirs were not made parties to the suit resulting in the judgment under which the present seizure was made, and in the second place, the issues are not sufficiently presented to enable us to determine the present nature and extent of the liability of the community, if any, on the obligations of the community as they existed at the time of the death of Broussard's wife. We will reserve to the plaintiff bank any and all rights it has to proceed against these heirs in an appropriate suit.
On the claim of the intervenors and third opponents for attorneys fees on account of the illegal seizure of their interest in the property, we do not think they are entitled to any attorneys fees. The bank not only acted in good faith, but it had reasonable grounds to proceed as it did for the collection of what it claims to be a community debt. Jackson v. Bouanchaud, Sheriff, et al., 178 La. 26, 150 So. 567; Marlatt v. Citizens' State Bank Trust Company et al., 180 La. 387, 156 So. 426.
For the reasons herein assigned, it is ordered that the judgment appealed from be and the same is hereby annulled, avoided and reversed, and it is now ordered, adjudged and decreed that the intervenors and third opponents be recognized as the owners of an undivided half interest in the property herein seized, and that the seizure of said property, in so far as their interest in the same is concerned, be set aside and released; that the note and mortgage executed by Ursin B. Broussard and forming the basis of the judgment rendered herein, in so far as it affects the interest of said intervenors and third opponents in said property, is hereby decreed null and void and of no effect as to them.
It is further ordered that the plaintiff bank is hereby reserved the right to proceed against the said intervenors and third opponents in an appropriate suit to enforce against them any and all rights it may have on account of any community debts which may be due it by reason of the endorsements of said Ursin B. Broussard on notes held by said bank; that the reconventional demand filed by said bank be and the same is hereby dismissed as in case of non-suit.
It is further ordered that all cost resulting from and occasioned by the intervention and third opposition be paid by the plaintiff bank. *Page 193