McCALEB, Justice
 

 (concurring).
 

 X agree with the result reached in this matter because, as demonstrated by the majority opinion, Ursin B. Broussard could not bind the heirs of his wife by mortgaging her share in the community after her death for a community debt. And since the heirs of Mrs. Broussard have not been made parties to the suit on the note, judgment cannot be rendered against them in these proceedings, even though the debt be an obligation of the community) and even though it appears that the heirs have accepted the succession of Mrs. Broussard unconditionally.
 

 However, I am not in accord with that part of the majority opinion wherein it is declared that, when Ursin B. Broussard, as accommodation endorser on the three original notes, gave to the plaintiff the note and mortgage, which is the subject of this litigation, he changed the liability of the community obligation “from that of an accommodation endorser of the three notes to a primary obligation on his part as maker of the mortgage note, * *
 

 •While it is not disputed that Broussard was an accommodation endorser on the first three notes, he was primarily liable on those notes because it is provided in them that the makers and endorsers bind themselves in solido for their payment. The liability on those notes was a community debt since they were endorsed by Broussard during the lifetime of his wife. Therefore, when he executed the new note on December 29, 1930, after Mrs. Broussard’s death, and received from the bank the three notes originally endorsed by him, he did not change the community obligation in any respect or make the debt more onerous on- the community, since the community was primarily liable on the original three notes and since it had its recourse against the makers of those notes for contribution, unless it be that the giving of the new note in exchange for the old ones constituted a novation of the debt. On this phase of the matter the decision in Studebaker Bros. Mfg. Co. v. Endom, 51 La. Ann. 1263, 26 So., 90, 72 Am.St.Rep. 489, seems to control.
 

 For these reasons, I respectfully concur in the decree.