REID, Judge.
Plaintiff, The B. F. Goodrich Company, brought this suit against Ryan Tire Service, Inc., and H. J. Ryan, personally, Mrs. George J. Bongiovanni, personally and as Tutrix of the minor children of the late George J. Bongiovanni for $3000.00 being the balance due on promissory notes.
Mrs. George J. Bongiovanni filed an exception of no right and no cause of action which was overruled. She then filed an answer admitting the signing of the note by George J. Bongiovanni as endorser, plead that the extensions for time for payment were made without the consent of the late George J. Bongiovanni and his estate, and further plead that a new note in the sum of $3000.00 was executed and delivered to plaintiff on or about the 17th day of March, 1964 by Ryan Tire Service, Inc. and H. J. Ryan. She further plead that the new notes of Ryan Tire Service were given as a novation of the prior notes of Bongy Tire and Recap Service and that Ryan Tire Service Inc. and H. J. Ryan, individually was substituted as debtors and denied any liability.
Plaintiff then filed a motion for summary judgment based on the admission of the execution of the notes and that the only issue remaining is a question of law. This motion was overruled. Subsequent to that the plaintiff filed a supplemental petition setting up the Succession proceedings No. 16109 entitled “Succession of George J. Bongiovanni, Deceased” which showed that George J. Bongiovanni left two minor children, George J. Bongiovanni Jr., and Beverly Ann Bongiovanni,Jhat Mrs. George J. Bongiovanni, referred to in the Succession proceedings as Mrs. Josephine Medici *864 Bongiovanni, was recognized as surviving spouse and as such the owner of one-half of decedent’s community property, and entitled to the usufruct of the other half and that the two children were recognized as the only two heirs and sent into possession of the remaining half, subject to benefit of inventory. Plaintiff further prayed that they have judgment against Mrs. Bongi-ovanni, individually to the extent of one-half of the amount due and as usufructuary of the estate of the late George J. Bongi-ovanni Sr. and as natural tutrix of the minors George J. Bongiovanni Jr., and Beverly Ann Bongiovanni to the extent of the other one-half of plaintiff’s claim. Total judgment to be in the full sum of $3000.00, with 6% per annum interest from December 18, 1961 until paid and 15% additional on principal and interest as attorneys fees, and all costs, subject to whatever payments have been made.
Mrs. Bongiovanni, in her capacity as tutrix for said minor children, filed an exception of no cause of action based on the note executed by Ryan Tire Service Inc. and H. J. Ryan which note shows by endorsement that Ryan Tire Service Inc. and H. J. Ryan were substituted as debtors in place of Bongiovanni. Mrs. Bongiovanni also filed an exception of no right of action. These exceptions were likewise overruled and Mrs. Bongiovanni as tutrix for the minors filed a similar answer to the one she personally filed and in addition filed a third party demand, individually and as tutrix for the minors seeking judgment against Ryan Tire Service, Inc. and H. J. Ryan in solido for whatever judgment might be rendered against them.
The case was duly tried on the merits and the Lower Court with written reasons assigned rendered judgment in favor of the plaintiff and against all the defendants in solido in the amount prayed for, subject to such credits as were shown by the record, and rendered judgment in favor of Mrs. Bongiovanni individually and as natural tutrix for the minors, George J. Bongi-ovanni Jr. and Beverly Ann Bongiovanni against Ryan Tire Service, Inc. and H. J. Ryan in solido for the amount they were cast.
From this judgment the defendants, Mrs. Bongiovanni, individually and as tutrix of the minor children have appealed to this Court. Neither Ryan Tire Service, Inc. or H. J. Ryan made any appeal.
There is very little dispute about the facts in this case. On or about December 18, 1961 Bongy’s Tire and Recap Service Inc., which name was later changed to Ryan Tire Service, Inc. signed a series of 11 notes in the amount of $1800.00 each for a total of $19,800.00 payable immediately, all of which notes had been paid except Nos. 10 and 11, No. 10 being due on November 10, 1962 and No. 11 on December 10, 1962. There was an unpaid balance of $3000.00 together with 6% per annum interest from the date of December 18, 1961 until paid plus attorneys fees and court costs. These notes are endorsed personally by the late George J. Bon-giovanni. Subsequently, H. J. Ryan acquired all capital stock of Bongy’s Tire and Recap Service, Inc. and changed the name of the corporation to Ryan Tire Service, Inc.
George J. Bongiovanni died on February 8, 1963 and was survived by his widow Mrs. Josephine Medici Bongiovanni and his two minor children, George J. Bongi-ovanni Jr. and Beverly Ann Bongiovanni. His Succession was accepted unconditionally by his widow and by her as tutrix of the minor children with benefit of inventory.
On or about March 17, 1964 the Ryan Tire Service, Inc. executed a new installment note in the amount of $3000.00 in favor of the plaintiff herein and endorsed personally by H. J. Ryan, president and principal owner of the said corporation.
This note bears the following endorsement by H. J. Ryan as follows:
“Given as assumption of and security for the notes of Bongy’s Tire and Recap Service.”
*865 The question before the Court is the interpretation to be put upon this endorsement and whether it constitutes a novation or not.
Both Mrs. Bongiovanni and Ryan testified that it was their intention that the Ryan note was to be a novation of the original indebtedness of Bongy’s Tire and Recap Service Inc.
Plaintiff’s attorney, Mr. W. Frank Glad-ney, in whose hands the notes had been placed for collection testified that he had received no permission from plaintiff to accept this note as a novation and/or to release the Bongiovannis from their endorsement on the note. The notation on the back of the Ryan Tire Service note states “Given as assumption and security for the notes of Bongy’s Tire and Recap Service”. It does not say that it was given to replace or cancel the indebtedness of Bongy’s Tire and Recap Service and the endorsement by George J. Bongiovanni which would constitute a debt against his estate. In addition Bongi-ovanni’s notes were not returned to the maker, not stamped paid, and remained in the possession of the plaintiff until this suit was filed.
“To constitute the contract of novation, on the essential point of the extinguishment of the pre-existing obligation there must appear the consent of both contracting parties. Studebaker Brothers Manufacturing Company vs. Endom, 1899, 51 La.Ann. 1263, 26 So. 90, 72 Am. St.Reports 489.”
“The discharge of the old debtor must be expressed. Polk Chevrolet Company, Inc. vs. Vicaro, [La.App.] 162 So.2d 761.”
The Trial Judge held that “if a novation has been contemplated by plaintiff’s attorney, he surely would have entered or surrendered the note which is the subject of this suit.”
Novation is an affirmative defense and the party claiming it must establish it by positive proof.
“The burden rests on a party claiming a novation to establish such claim by clear evidence, showing the discharge of the original debt and express agreement to accept the new obligation in place of the old, or such facts and circumstances as will clearly warrant the assumption of such extinguishment and acceptance. Dickinson vs. Speedway Land Co., D.C. 1923, 294 F. 693.”
We find as did the Trial Judge that this second note executed by Ryan Tire Service and endorsed by H. J. Ryan was not intended to be a novation. It was additional security for the protection of plaintiff and also for protection of the Bongi-ovannis, although it appears that Ryan Tire Service and H. J. Ryan assumed all the obligations of the old Bongy’s Tire and Recap Service.
“Novation is a contract consisting of two stipulations — one to extinguish an existing obligation, the other to substitute a new one in its place.” Reconstruction Finance Corporation v. Thompson, 186 La. 1, 171 So. 553.
“Change in the form of debt does not work novation”. See RCC 2185-2189. Rains v. Jones, La.App., 152 So. 356; Brock v. First State Bank & Trust Co., 192 La. 77, 187 So. 60.
In action to foreclose chattel mortgage, defendants contention that the original obligation had been novated by oral agreement with the plaintiff’s agent was without merit, but not only did agent have no authority to alter the original agreement, but the agreement alleged to have been made with agent did not extinguish the original indebtedness and substitute a new agreement as required by statutes; furthermore, defendant and plaintiff subsequently entered written agreement extending the time of payment wherein it was stated that the terms of the original contract, except as modified by the extension, were to remain in full force. See General Motors Acceptance Corporation v. Bordeleon, La.App., 5 So.2d 184.
*866 Our Courts have held that the acquisition of an additional security does not novate the debt. In addition they have held:
“A perfect delegation (novation) is when the creditor accepts a new debtor in the place and stead of the original debtor, but in the imperfect delegation the new debtor does not supersede the original but becomes a co-debtor with him. See Carran vs. Aymes, Manning’s Unreported Cases 421.”
Defendant cites certain cases in his Brief with which we have no quarrel, but do not feel that they are applicable to the facts in this case. In fact, some of the cases are even cited by the plaintiff and are referred to in this opinion.
We do not find any error in the Trial Court’s decision and accordingly the judgment in favor of the plaintiff and against the defendant is hereby affirmed, at appellant’s costs.
Affirmed.