271 So.2d 53 (1972)
CRESCENT CIGARETTE VENDING CORPORATION
v.
Alvin J. TOCA.
No. 5147.
Court of Appeal of Louisiana, Fourth Circuit.
December 19, 1972.
*54 Salomon & Farmer, I. Bernard Salomon and Richard I. Farmer, New Orleans, for plaintiff-appellant.
Barry D. Broussard, New Orleans, for defendant-appellee.
Before LEMMON, GULOTTA and BOUTALL, JJ.
BOUTALL, Judge.
This is a suit on a promissory note made by the defendant, Alvin Toca, in the principal sum of $1,000.00, alleging a balance due of $507.95. The defendant filed his answer pleading extinguishment of the obligation. He alleged that the obligation was extinguished by the delivery of a new note executed by a third party in the amount of the balance due at that time, pursuant to an agreement between the parties. The trial court rendered judgment in favor of the defendant, and from this adverse judgment, plaintiff appeals.
The record shows that the defendant admitted making the note and further admits that he did not make all of the payments thereon. He contends, however, that he is not obligated to make any further payments because of the following facts. Defendant was the operator of a lounge called "Laura's Playroom", and in connection with that business had installed in the premises a cigarette machine belonging to plaintiff. Defendant needed some money for stock and other purposes, and as a consequence borrowed from the plaintiff $1,000.00 for which he signed the note in question. The note was payable out of the defendant's commission received from the operation of the cigarette machine plus $10.00 weekly. The defendant on or about October 17, 1969, sold the business "Laura's Playroom" to a certain Sam Jones without benefit of the Bulk Sales Act.
The defendant contends that at the time he sold the business to Sam Jones, there was an agreement between Jones, Crescent Cigarette, and himself that Jones would assume the outstanding obligation on the note by signing another promissory note in which Jones alone was responsible. In effect, defendant is contending that a novation has taken place and is relying on LSA-C.C. art. 2185 which states:
"Art. 2185. Novation, definition
"Art. 2185. Novation is a contract, consisting of two stipulations; one to *55 extinguish an existing obligation, the other to substitute a new one in its place."
In the present situation we should also observe LSA-C.C. art. 2192 which states:
"Art. 2192. Discharge of original debtor
"Art. 2192. The delegation, by which a debtor gives to the creditor another debtor who obliges himself towards such creditor, does not operate a novation, unless the creditor has expressly declared that he intends to discharge his debtor who has made the delegation."
Express declaration of intent to discharge the defendant is denied by the representative of plaintiff, and Jones was not a party to the suit, nor was he called as a witness. The issue in the case thus becomes one of preponderance of evidence, burden of proof, and credibility of witnesses. In Midlo & Lehmann v. Katz, 195 So.2d 383 (La.App. 4th Cir., 1967), the court stated that a novation is never presumed, and the burden of proof to establish a novation is on the person who claims it. The court also stated in Midlo that the intention of parties to substitute a new obligation for the original one may be shown by the character of the transaction and the facts and circumstances surrounding the transaction, as well as by the terms of the agreement itself.
The only evidence in the case is the testimony of the representative of Crescent Cigarette and the testimony of the defendant. The testimony of the representative of Crescent Cigarette is that Jones did not make a promissory note to be substituted for the note in question, but that Jones borrowed some money from Crescent Cigarette in an independent transaction and executed a note for the money borrowed. The conditions or terms of the note are not in evidence. The representative of plaintiff testified that he handled the transaction personally and that the new note signed by Jones had nothing to do with the note sued upon. As opposed to this, the defendant testified that he talked to Jones about buying the business, but because Jones did not have as much money as defendant wanted, Jones agreed to assume defendant's note with plaintiff; that defendant then contacted Crescent Cigarette and spoke to a person known only as "Tommy" who told him that he had to get "the OK from Mr. Moore." Defendant then testified that he never heard any further from Crescent until the building burden down in March, 1971.
The trial judge rendered judgment in favor of the defendant with the following statements:
"The defendant impresses the court as being a fundamentally honest and good man. He probably did the very best he could for his situation in life. Plaintiff's suit is dismissed at plaintiff's cost."
While the reasons given by the trial judge would indicate that this is a question simply of credibility of the witnesses, such is not the situation here. If it were simply a question of credibility of the witnesses, it would appear that the statement of the trial judge quoted above would indicate that he believed one witness and disbelieved the other witness, and hence, we would not interfere with his judgment in such a matter. However, this is a suit on a promissory note and a special affirmative defense of extinguishment of the obligation is set forth in the answer in accordance with LSA-C.C.P. art. 1005. Our jurisprudence has consistently held that a person pleading an affirmative defense bears the burden of proving such a defense, and of course it must be established by a preponderance of the evidence. B. F. Goodrich Company v. Ryan Tire Service, Inc., 203 So.2d 863 (La.App. 1st Cir., 1967); Barbari v. Fireman's Insurance Co., 107 So.2d 480 (La.App. 1st Cir., 1958). In B. F. Goodrich, the court stated that novation is an affirmative defense and the *56 party claiming it must establish it by positive proof.
It is noted in the case at bar that along with the testimony of the parties, there is in evidence the promissory note itself, which contains nothing upon it to show that it was cancelled or in any other way extinguished or modified. Under the facts as related by the defendant, he did not establish that there was another promissory note signed by Jones, relating to the same debt, nor that Jones bound himself for the debt, nor that Crescent consented to release him from the obligation. Except for the reference to a conversation with a clerk named "Tommy", who announced to him that transferring the debt would require approval of Mr. Moore, defendant's testimony is devoid of any conversation or agreement with any representative of Crescent that approval was granted or a binding contract was entered into. In this regard it is noteworthy that although he alleges that he sold the place to Jones and that Jones assumed the obligation of the note, Jones was not called to testify. While it may be presumed that Jones could just as easily have been called by the plaintiff as well as the defendant, we must note that the burden is upon the defendant of establishing the affirmative defense. The record does not disclose to us the preponderance of evidence necessary for the defendant to overcome the plaintiff's demand, and we are of the opinion that the judgment should be reversed.
For the foregoing reasons, it is ordered that there is judgment herein in favor of appellant annulling and reversing the judgment appealed from. It is further ordered that there is now judgment rendered in favor of plaintiff-appellant, Crescent Cigarette Vending Company, and against defendant-appellee, Alvin Toca, in the full sum of $507.95, together with 8% per annum interest from date of demand until paid, plus 25% of said amounts as attorney's fees. Appellee to pay all costs of these proceedings.
Reversed and rendered.