GUIDRY, Judge.
This appeal arises out of a proceeding to partition the community property of the parties.
Appellant, Morris J. Godeaux, and appel-lee, Marlene Roy Godeaux, were married on July 14, 1979. Approximately one month before the marriage a mobile home was purchased.
The parties were legally separated and the community property regime was terminated, effective March 9, 1982. Settlement of the community was relegated to a separate proceeding.
In July and August, 1983, both parties filed motions for possession of the mobile home. After one continuance was granted the cross rules for possession of the “family home” took place on October 27, 1983. The judgment on rule, rendered November 2,1983, found that appellant was “the owner and has as his separate property the mobile home....” The judgment further ordered that appellant could take possession of the trailer 15 days after signing of the judgment. Neither party sought supervisory writs or appealed from this judgment.[2]
Appellee filed the petition for partition of community property on November 30,1983. She requested full reimbursement for funds she expended to pay the trailer note from date of legal separation until the time she was ordered to give possession to appellant, a stipulated total of $4,162.40. She also alleged that during the marriage community funds were used to pay the separate trailer debt of appellant.
Appellant answered alleging that community funds were used to pay a separate debt of appellee’s on an automobile, and that he should be reimbursed for his contribution. He also alleged that appellee had no right to reimbursement for funds she spent to pay the note on the trailer after legal separation because she had received her “quid pro quo for the payments paid in that she utilized the dwelling for her personal residence when she paid the notes”.
After trial, the court rendered judgment ordering that appellee be reimbursed the sum of $3,329.23 for community funds spent on appellant’s separate trailer debt, and ordered that appellant be reimbursed the sum of $2,875.25 for community funds spent on appellee’s separate automobile debt. The court, in written reasons, found that “[f]rom March 9,1982, payments made by the parties on the other spouse’s separate debt was a payment out of the paying spouse’s separate funds. Any such payments are to be reimbursed in full to the paying spouse”.
On application for new trial appellant argued that appellee was the co-maker of the trailer note, therefore, the debt was her separate obligation as well as his, and, in the alternative, that she should be denied reimbursement because she had exclusive use of the trailer after legal separation until November, 1983. The court denied the motion for new trial with written reasons, which stated:
*436 “As has been found and adjudged by the Court, this mobile home is the separate property of the defendant. In obtaining financing from the First National Bank of Crowley, the Bank required plaintiff to become a co-debtor with defendant. The Court finds that this was done as an accommodation to defendant (and the Bank). The Bank wanted additional collateral (which plaintiffs endorsement gave); no doubt the Bank wanted plaintiff to mortgage and pledge any homestead rights she may have or acquire; a joint loan application of both parties is superior for audit and supervisor examination purposes than an application of only one party.
Defendant asks to be recognized as owner of the mobile home, yet wants plaintiff to pay one-half of the debt thereon. This would be grossly unfair and inequitable. The plaintiff was merely an ac-comodation maker of the note to the Bank. While the Bank can surely proceed against plaintiff if it so desires, the Court finds that defendant cannot require plaintiff to pay for one-half of the mobile home and yet keep the full ownership thereof.”
This appeal followed. Appellee does not appeal, nor does she answer the appeal.
ISSUES
The issues for review concern appellee’s right to reimbursement for separate funds she expended, after legal separation, to pay the mortgage payments on appellant’s separate property and are as follows:
1. Whether the trial court erred in finding that appellee was an accommodation party on the mobile home note.
2. Whether the trial court erred in not finding a set-off by reason of appellee’s use of the trailer following judicial separation until November, 1983.
ISSUE NO. 1
Approximately one month before their marriage the parties executed a promissory note and chattel mortgage in favor of the First National Bank, Crowley, Louisiana, encumbering the mobile home. As previously indicated, this mobile home has been judicially decreed to be the separate property of appellant.
After their legal separation on March 9, 1982, the appellee continued to live in the mobile home until November 17, 1983, at which time she gave possession of the trailer to appellant. While living in the trailer after the legal separation, the appellee paid the monthly notes in the amount of $208.12, for a total of $4,162.40.
The trial court determined that appellee was an accommodation party when she signed the promissory note, and thus should be given full reimbursement.
Appellant contends that appellee was a co-maker of the note and as such the note was her separate debt and she should not receive any reimbursement.
La. R.S. 10:3-415 states, in pertinent part:
“(1) An accommodation party is one who signs the instrument in any capacity for the purpose of lending his name to another party to it.
[[Image here]]
(5) An accommodation party is not liable to the party accommodated, and if he pays the instrument has a right of recourse on the instrument against such party.”
We agree with appellant that appellee was a co-maker of the note in relation to the bank, however, we find, as did the trial court, that as between appellant and appel-lee, the appellee was an accommodation party.
A review of the record shows that appel-lee added her name to the loan application, promissory note, and chattel mortgage because appellant’s credit rating alone was not sufficient to procure the bank loan. Appellant testified that he told appellee that the trailer was going to be his and that he only needed her to co-sign the note so that his credit would be accepted. Additionally, the salesman who sold the trailer said he did not put appellee's name on the *437 bill of sale or the Certificate of Registration because she was only “guaranteeing the note”. Under these facts, it was not clearly wrong to find that appellee was an accommodation party. See Daigle v. Chaisson, 396 So.2d 573 (La.App. 3rd Cir. 1981).
Since appellee was an accommodation party, she has a right of recourse against the appellant, the accommodated party, for the amount she paid to the holder. See Daigle, supra.
ISSUE NO. 2
Appellant contends that appellee should not be reimbursed for funds she spent because she had exclusive use of the trailer during the period she made the note payments. Essentially, appellant asserts the affirmative defense of set-off, arguing that appellee should be charged rent for the time she used his separate property.
The person pleading an affirmative defense, such as set-off, bears the burden of proving such a defense by a preponderance of the evidence. Crescent Cigarette Vending Corporation v. Toca, 271 So.2d 53 (La.App. 4th Cir.1972); La.C.C.P. art. 1005.
The record clearly shows that appellee did have exclusive use of the trailer for a period of time after the legal separation, however, the record does not show the monthly value of that use or that the parties had agreed that the $208.12 monthly payments were to be considered rental payments to the husband. Indeed, the record clearly shows that rent was never discussed between the parties. See Patín v. Patín, 462 So.2d 1356 (La.App. 3rd Cir. 1985), writ denied, 466 So.2d 470 (La.1985), where the court awarded a credit, or set-off, for prior use and occupancy of a community home upon adequate proof of the monthly rental value.
Since appellant did not prove his set-off defense by a preponderance of the evidence, it was proper for the trial court to reject same.
For the above and foregoing reasons, the judgment of the trial court is affirmed at appellant’s cost.
AFFIRMED.

. Ownership of the trailer home is not at issue on this appeal. The judgment of the trial court recognizing Morris Godeaux, Jr. as owner of the trailer home is final as no appeal was taken by Marlene Roy Godeaux nor did she answer this appeal.