Eastern Dist.
*Marvh*, 1828.

---

### *GLASGOW* vs. *STEVENSON.*

**APPEAL** from the court of the first district.

**MATTHEWS, J.** delivered the opinion of the court. This is an action on an open account, to recover the value of goods alleged to have been sold to the defendant in the year 1817, whilst both parties resided in Ireland, from whence the debtor absented himself soon after the purchase.

The answer to the petition contains a general denial and plea of prescription; and in a supplement, interrogatories are put to the plaintiff, in relation to an acceptance or note of the defendant for the amount now claimed from him on open account. These interrogatories were answered by acknowledging the existence of the bill of exchange and acceptance, which the respondent declares to be lost, and that it has never been paid, &c. After the return of the answers, the plaintiff moved the district court for, and obtained leave to, amend his petition, by alleging the existence and loss of the bill of exchange which had been accep-

*A plaintiff, from whom the delivery of a bill is drawn by an interrogatory, may prove its loss by the answers admitting the delivery. Interest cannot be allowed on a contract made in Ireland on evidence, that it is customary, without shewing that it is authorized by law.*

Eastern Dist.
*March*, 1828.

GLASGOW
*vs.*
STEVENSON.

ted in his favor by the defendant, and that it had never been paid.   On these pleadings, the cause went to trial in the court below, where judgment was rendered in favor of the plaintiff, from which the defendant appealed.

The facts of the case shew clearly, that goods were purchased by the defendant from the plaintiff, to the amount claimed by the latter, and that the former had accepted a bill of exchange drawn on him for the price of said goods.   The discovery of the existence of this negotiable instrument, by which the appellant is bound, ought to destroy, or at least, suspend, the plaintiff's right to recover on the original contract of sale, unless the bill of exchange be satisfactorily accounted for; and in order to effect this purpose, the amendment to the petition, as above stated, was permitted by the court below, on a construction of the 419th article of our code of practice, which authorises amendments after issue joined, when they *do not* alter the substance of the demand, &c.

There are many decisions of this court which fully establish the principle, that a debtor, by giving his note for money owing by him, on open account, or other contracts, does not novate the original debt; and when the

written evidence is lost, the creditor may reco-
ver on proof of the original contract or im-
plied promise. A suggestion, by way of a-
mendment to an original petition, of the loss
of the written evidence, it is believed, would
not so alter the substance of the primary de-
mand, as to exclude a plaintiff from the bene-
fit or privilege accorded by the article of the
code above cited.

In the present case a question of fact occurs
in relation to the proof of loss. The only evi-
dence to support it, is the testimony of the
plaintiff, given on interrogatories put by the
defendant. The object of these interrogato-
ries seems to have been to establish the exis-
tence of a bill of exchange, accepted by the
appellant. The answers acknowledge its ex-
istence, and proceed farther by stating its loss.
By this mode of proceeding, adopted on the
part of the defendant, he compelled the plain-
tiff to disclose facts injurious to the pursuit
which he had commenced for the recovery ot
the price of his goods on the original contract
of sale; and being thus made competent to
prove the existence of the written promise to
pay, we can discover no good reassn why he
should not be allowed to prove the loss also.—

His situation is analagous to that of a defend-
ant, who is called on to acknowledge the exis-
tence of a debt, which he may also declare that
he has paid.

An objection is raised to the plaintiff's right to
recover, arising out of the situation in which
the bill appears to have been placed prior to its
loss, by the endorsement of the payee, as ex-
hibited on the copy annexed to the protest
which appears on evidence. As the suit is
founded on the original contract, and not on
the bill of exchange, we are of opinion that
the cases cited in support of this objection, do
not apply, and that it is not well founded in
reason or law.

The court below gave interest on the prin-
cipal demanded, assuming from the evidence,
that the *lex loci contractus* authorised it; and
security was not required from the plaintiff to
protect the defendant against the effects of his
acceptance, should it ever re-appear. In both
these respects, we think the judgment of the
district court to be erroneous.

The only evidence on the record with re-
gard to interest is the testimony of one witness,
who states, that it is customary among mer-
chants in Ireland to charge interest on accounts

at a certain rate. Now, we find the same thing practised by our merchants, but it is not authorised by law, and payment thereof cannot be enforced.

As to the prescription relied on by the appellant, it is clearly not supported by our laws, which, in relation to this part of his defence, must govern.

It is therefore ordered, adjudged and decreed, that the judgment of the district court, be avoided, reversed and annulled: and it is further ordered, adjudged and decreed, that the plaintiff and appellee do recover from the defendant and appellant, three hundred and sixty-nine dollars and twenty three cents, with the costs of the court below; that the appellee pay the costs of this appeal; and that he shall not be permitted to take out execution on this judgment, until he shall have given security to the satisfaction of the district court to secure the defendant, harmless, from all injury or loss which might hereafter occur to him, in consequence of his acceptance of the bill of exchange, which seems to have been drawn on him for the amount of the account now sued on.

*Watts* and *Lobdell* for the plaintiff, *Preston* for the defendant