(117 So. 238)

No. 28675.

**W. W. CARRE CO., Limited, v. E. J. STEWART & CO. et al.**

May 7, 1928.

Monroe & Lemann and Walter J. Suthon, all of New Orleans, for appellants.

Eugene Thorpe, of New Orleans, for appellee.

OVERTON, J. In May, 1925, the Reliance Homestead Association and Joseph J. Fineran entered into a contract with E. J. Stewart & Co., Inc., to erect two double five-room cottages in the city of New Orleans. The Globe Indemnity Company signed as surety the bond required of the contractor by sections 1 and 2 of Act 139 of 1922, guaranteeing the faithful performance of the contract and the payment of all subcontractors, journey-men, cartmen, truckmen, workmen, laborers, mechanics, and furnishers of material jointly, as their interest might arise. The W. W. Carre Company, Limited, the plaintiff herein, sold to E. J. Stewart & Co. material to be used, which was used, in the construction of the buildings, upon which there is a balance due of $1,897.64.

This suit was instituted to recover from E. J. Stewart & Co., and from the Globe Indemnity Company, in solido, the foregoing balance, with legal interest from judicial demand, and from the Globe Indemnity Company alone $189.76 additional, as attorney's fees, or penalty, provided by Act 225 of 1918.

The Globe Indemnity Company originally denied that the material was furnished by plaintiff for the construction of the houses, but now concedes that the evidence shows that it was. Its main defense is that it has been discharged from the indebtedness by the act of plaintiff in taking the note of E. J. Stewart & Co., for the indebtedness, thereby novating the indebtedness, and granting time to that company, without its (the Globe Indemnity Company's) knowledge or consent. This defense is urged in article 9 of the Globe Indemnity Company's answer. It is there averred in the alternative, on information and belief, as follows:

"That the plaintiff accepted from the said E. J. Stewart & Co., Inc., a note for said asserted indebtedness, thereby novating the debt and granting to the alleged principal debtor further time for the payment thereof; that the aforesaid act was done without the knowledge or consent of this defendant; and that this defendant as the surety, if liable originally (which is not admitted), was thereby released from such liability."

After trial had, judgment was rendered for plaintiff against both defendants in accordance with the prayer of plaintiff's petition. The Globe Indemnity Company alone has appealed from the judgment rendered.

The suit instituted is one on an account. During the trial, the Globe Indemnity Company attempted to show that plaintiff took a note on the account from E. J. Stewart & Co. This evidence was offered to show that the indebtedness shown by the account was novated, and that time was granted to Stewart & Co., without the consent of the Globe Indemnity Company, by the taking of the note. Upon objection urged by plaintiff, the trial judge excluded this evidence and all other evidence to show the alleged novation and the granting of time.

The correctness of the action of the trial judge in excluding this evidence depends upon whether the alleged acceptance of the note had the effect of novating the indebtedness, and upon whether novation and the granting of time are valid defenses in a suit against the surety upon a building contractor's bond.

Pleadings, prior to judgment, are strictly construed against the pleader. We therefore take it, in the absence of any averment in the answer showing the contrary, that the note alleged to have been accepted by plaintiff from E. J. Stewart & Co. was a note executed by that company. In fact, the answer virtually implies that it was. The acceptance by a creditor of his debtor's note for an open account does not novate the debt shown by the account. The note merely changes the form of the indebtedness. It does not extinguish it. Glasgow v. Stevenson, 6 Mart. (N. S.) 567, 568; Austin, Thorpe & Co. v. Da Rocha, Becker & Co., 23 La. Ann. 44; Chambers, Roy & Co. v. Knapp, 48 La. Ann. 1156, 20 So. 677. The taking of such a

note, however, may extinguish the original indebtedness, and thereby novate the debt, where such was the agreement of the parties. Walton v. Bemiss, 16 La. 140. But no such agreement is urged here. The averments of fact in the answer do not show novation. The averment that the acceptance of the note was a novation of the debt is an erroneous conclusion of law, in the absence of an averment showing that such was the agreement of the parties, or of facts showing that novation did take place. Therefore there was no error in excluding the evidence in so far as relates to the defense of novation. This conclusion relieves us of the necessity of inquiring as to whether novation is a valid defense in a suit against the surety for material furnished the contractor under a building contract, for that question becomes merely a moot one.

Nor do we think that the court erred in excluding evidence tending to show that time was granted by plaintiff to Stewart & Co. It is true that, under the general law of suretyship, the prolongation of the term granted to the principal debtor without the consent of the surety discharges the latter. Civil Code, art. 3063. But this is a suit by the furnisher of material, under a building contract, against the surety on the contractor's bond; the bond being given, as required by law, to secure the payment, among others, of all furnishers of material. When the surety signed the bond, it did not know from whom material would be obtained, nor what the terms of credit would be. As aptly said by the Supreme Court of the United States in passing upon a similar question, in a suit against the surety on a building contractor's bond, furnished under an act of Congress:

"The guarantor is ignorant of the parties with whom his principal may contract, the amount, the nature, and the value of the materials required, as well as' the time when payment for them will become due. These particulars it would probably be impossible even for the principal to furnish, and it is to be assumed that the surety contracts with knowledge of this fact. Not knowing when or by whom these materials will be supplied, or when the bills for them will mature, it can make no difference to him whether they were originally purchased on a credit of sixty days, or whether, after the materials are furnished, the time for payment is extended sixty days, and a note given for the amount maturing at that time. If a person deliberately contracts for an uncertain liability he ought not to complain when that uncertainty becomes certain." United States Fidelity & Guaranty Co. v. United States, 191 U. S. 416, 24 S. Ct. 142, 48 L. Ed. 242.

To the same effect, see, also, Chaffee v. United States Fidelity & Guaranty Co. (C. C. A.) 128 F. 918.

The particular time when the indebtedness of the materialman should mature did not enter into the contract of suretyship. It was a thing unknown when the surety signed as such. Since it was something to be arranged between the contractor and whoever might be the materialman, after the signing of the bond, which could be, and generally is, arranged without the consent of the surety, the term of payment may be extended beyond the first term agreed to without the consent of the surety. Our conclusion, therefore, is that the defense here urged is not a valid defense, and hence that the court did not err in excluding evidence to sustain it. The case of Allison, Liquidator, v. Thomas, Administrator, 29 La. Ann. 732, is not in conflict with this view.

The Globe Indemnity Company also urges that the trial court erred in rendering judgment against it for a sum equal to 10 per cent. of the principal, sued for, as attorney's fees, or penalty, under Act 225 of 1918. It concedes that plaintiff has proven the statutory requisites on the claim for attorney's fees, but takes the position that, since plaintiff has sued only it, that is to say, the Globe Indemnity Company, for attorney's fees, and has obtained judgment against it alone for them, it has necessarily remitted these fees as against the principal debtor, thereby making it impossible for it to be subrogated to

them as against that debtor, and that this remission operates so as to release it from the payment of these fees. The company is in error in assuming that the principal debtor was ever liable for these fees, and hence that they were ever remitted as to that debtor. The fees are imposed by Act 225 of 1918. They are imposed, in our view, on the surety alone, and are in the nature of a penalty for the failure of the surety to promptly discharge his obligations under the bond, where the principal fails to pay. See Fidelity Homestead Ass'n v. Kennedy & Anderson, 158 La. 1059, 105 So. 64. Our conclusion is that this defense is not well founded.

For these reasons, the judgment appealed from is affirmed.