**GRISWOLD LUMBER CO., INC., v. MARYLAND CASUALTY CO., INC.**

---

(April 1, 1929.  Opinion and Decree.)

---

Spearing and Mabry, of New Orleans, attorneys for plaintiff, appellee.

Flournoy C. Johnson, Jr., of New Orleans, attorney for defendant, appellant.

JONES, J. This is an appeal from a judgment in favor of plaintiff against defendant in the sum of $204.00 with 8 per cent interest and 10 per cent attorney's fees.

Appellee has answered the appeal and prayed for 10 per cent damages for frivolous appeal.

The suit was originally brought for the unpaid purchase price of certain lumber against defendant as surety on the bond of J. V. & R. T. Burkes, who had a duly recorded contract for the construction of the Pontchartrain Apartments in this city. The plaintiff alleges that the lumber was duly delivered to the contractors at the apartment building; that lien was duly filed in the mortgage office and surety was duly served with a 30-day notice of the claim, which entitled it to 10 per cent attorney's fees under Act 225 of 1918.

The defense is that the lumber company, by accepting a note from the contractors, novated the debt and thereby released the surety.

On the trial of the case plaintiff's attorneys objected to any testimony tending to prove the existence of a contract of novation on the ground that no facts showing a novation had been set up in the answer, and that merely a general conclusion of law had been pleaded. The objection was overruled and the evidence was admitted.

That the trial judge should have sustained the objection and excluded the testimony is clearly shown by the following excerpt from the opinion of the Supreme Court in the case of W. W. Carre Company vs. Stewart, 166 La. 317, 117 So. 238:

"The taking of a note may extinguish the original indebtedness and thereby novate the debt where such was the agreement of the parties. But no such agreement is urged here. The averments of fact in the answer do not show novation. The averment that the acceptance of the note was a novation of the debt is an erroneous conclusion of law, in the absence of the averment showing that such was the agreement of the parties or of facts showing the novation did take place. Therefore there was no error in excluding the evidence insofar as relates to the defense of novation."

However, the evidence does not sustain the contention of defendant. The president of the lumber company denied any intention to novate the debt. The record shows that he was thoroughly aware of the insolvent condition of the contractors, who later became bankrupt. Both he and the contractor were thoroughly familiar with the building laws of the state, and it seems improbable that he would have substituted an insolvent contractor's note for the bond of a solvent surety company.

In the above quoted case the Supreme Court held that the taking of a note merely changed the form of the indebtedness but did not extinguish it.

In Gails vs. Schooner, 14 La. Ann. 54, the court, affirming Art. 2190 R. C. C., held that novation is never presumed, but must

always be proved. See, also, Civil Code, Art. 2187, and U. S. Fidelity & Guaranty Co. vs. U. S. of America, 191 U. S. 416; Farmer's Bank vs. Bell, 142 La. 539, 77 So. 144.

As the decision of Carre vs. Stewart, above referred to, was handed down on May 7, 1928, and as the judgment of the trial court in this case was rendered and signed on May 30, 1928, and as this decision settled finally the law on this dubious point, we do not think that this case is properly one for the allowance of damages for frivolous appeal.

For above reasons the judgment is affirmed.