**RAINS v. JONES et al. \***
**No. 4707.**

Court of Appeal of Louisiana. Second Circuit.

Feb. 5, 1934.

Fraser & Carroll, of Many, for appellants.

Pickett & Moore, of Many, for appellee.

MILLS, Judge.

Howard M. Jones, owner of an oil and gas lease on fifty acres of land in Sabine parish, La., employed Houston Rains as a workman in the drilling on it of a well. On January 31, 1933, he was indebted to Rains for wages in the sum of $100, and to the father of Rains in the sum of $39.50 for board. Rains brought suit for $100 in the justice of peace court, seizing the lease and its appurtenances to protect the laborer's lien granted him by the provisions of Act No. 161 of 1932.

In order to obtain the release of his property, Jones executed a note for $139.50, payable to Houston Rains, secured by a mortgage on the lease, the well, and the casing in the well. Excepted from the operation of this mortgage was "any movable property, machinery, pipe or drilling rigs on the property except the casing in the well." Whereupon Rains executed the following receipt: "This is to acknowledge receipt of your note dated January 31, 1933, for the sum of $139.-50, which note represents all your indebtedness to me for any cause whatever."

Jones then proceeded, with the knowledge and consent of Rains, to move his property

*Rehearing denied March 2, 1934.

not included in the mortgage off of the lease. A part of this equipment, belonging to a third person and borrowed by Jones for the drilling of the well, was stacked along the highway off the lease premises, but on the land of Rains' father. All of this property was taken down and removed by Jones' own workmen within five or six days after its release.

Houston Rains now brings suit upon the original indebtedness of $139.50, and for an additional amount of $60, which he claims is due him for watching the property of Jones for twenty days following January 31st. He claims that after making the above settlement of the original suit and while returning to the lease in the car with Jones, he was hired by him as a night watchman at the rate of $3 per day. There are no witnesses to this alleged agreement other than the parties. Jones vehemently denies any such agreement. In support of this denial, he says that he would not in any event have employed Rains because of the annoyance caused him by the seizure, and that, furthermore, he had no need for a watchman, as his own men were on the lease during the five or six days required for the removal of his property, and that his interest in the borrowed property ceased with its delivery at the highway. The only attempted corroboration of Rains is the testimony of one witness who says he saw him watching one night, but does not fix the time as subsequent to January 31.

We think that plaintiff has not only failed to sustain the burden of proof as to the $60, but that a clear preponderance of the testimony favors the defendant.

An indebtedness in the amount of the note is not denied, nor that Rains had a lien on the lease and its appurtenances for the amount of his wages. The defense to this portion of the demand is that the transaction of January 31, 1933, constituted a novation. Our Civil Code provides that novation is one of the means by which an obligation may be extinguished. It is defined in article 2185 as, "a contract, consisting of two stipulations; one to extinguish an existing obligation, the other to substitute a new one in its place." It is effected, according to subdivision 1 of article 2189, "when a debtor contracts a new debt to his creditor, which new debt is substituted to the old one, which is extinguished." Novation is never presumed. The intention to make it must clearly result from the terms of the agreement or from the acts of the parties. A change in the form of a debt does not work a novation. Jordan v. Anderson, 29 La. Ann. 749; Pontchartrain Apartments v. Maryland Casualty Co., 171 La. 67, 129. So. 671.

The mere giving of a note does not work a novation of the debt unless it is so intended, which intention may be gleaned from the acts of the parties, as well as the terms of the agreement. Amoss v. Burleson, 8 La. App. 359; Carre Company v. E. J. Stewart & Company, 166 La. 317, 117 So. 238.

In the present case the intention to novate is not directly expressed in either the note or the mortgage. The language of the receipt does indicate such an intention. The note was given not only for the wages due the son, but included the board due the father. It was clearly the object of Jones in executing the note and mortgage to not only secure the release of his property from the seizure, but also from the encumbrance of the laborer's lien. That this was understood and acquiesced in by Rains is indicated by the fact that he stood by and permitted property subject to the lien to be removed from the premises. We think this clearly indicates an intention on the part of both debtor and creditor to extinguish the former claims for board and for labor secured by lien, and to substitute in its place the indebtedness represented by the note and secured by conventional mortgage upon the lease and casing. Not only the form, but the very nature, of the debt and its security was changed. Under the law this constitutes a novation and extinguishment of the old debt.

In the lower court there was judgment for plaintiff as prayed for, recognizing his laborer's lien and privilege and maintaining the writ of provisional seizure, from which defendant has appealed.

In his answer, defendant claims damages for loss of time in attending court, for the loss of the use of the property seized in the sum of $100, and for $50 attorney's fee. No actual damage directly resulting from the seizure is proven. Defendant is not concerned over the seizure of the property of the third person. It is not shown and is not apparent how the seizure of the well and casing already incumbered with the mortgage caused any loss to the defendant, nor that any of his own equipment which had been moved from the well was seized. As to the attorney's fee, that cannot be recovered for the dissolution of a conservatory writ unless it is urged in connection with the motion to dissolve. In this case the whole matter was presented at one time, and without reservation, on the merits.

For the reasons above assigned, the judgment appealed from is annulled and reversed, and judgment is now rendered dissolving the writ of provisional seizure and rejecting the demands of plaintiff at his cost; the rights of plaintiff to enforce collection of the note are reserved.