152 So.2d 596 (1963)
SMITH, HOWARD AND McCOY, INC., Plaintiff-Appellant,
v.
ACME GENERAL CONTRACTORS, INC., Defendant-Appellee.
No. 9904.
Court of Appeal of Louisiana, Second Circuit.
April 1, 1963.
Rehearing Denied April 25, 1963.
Certiorari Refused June 14, 1963.
*597 Marion K. Smith, Shreveport, Theus, Grisham, Davis, Leigh & Brown, Monroe, for appellant.
Thompson, Thompson & Sparks, Monroe, for appellee.
Before HARDY, GLADNEY and AYRES, JJ.
AYRES, Judge.
This is an action upon an open account in the sum of $6,530.47, representing pastdue premiums on insurance policies issued by plaintiff agency and charged to defendant. From an adverse judgment, plaintiff has appealed. Plaintiff's demands were rejected on a basis that, after this suit was filed, defendant executed and delivered to plaintiff its promissory note in payment and satisfaction of the account sued upon. The question is whether the giving and acceptance of the note effected an extinguishment of the account through novation.
The word "novation" is defined as a "* * * contract, consisting of two stipulations; one to extinguish an existing obligation, the other to substitute a new one in its place."
LSA-C.C. Art. 2185.
Thus, novation takes place "When a debtor contracts a new debt to his creditor, which new debt is substituted to the old one, which is extinguished.," or "When a new debtor is substituted to the old one, who is discharged by the creditor."
LSA-C.C. Art. 2189.
Novation, however, "* * * is not to be presumed; the intention to make it must clearly result from the terms of the agreement, or by a full discharge of the original debt."
LSA-C.C. Art. 2190.
The mere giving of a note does not effect a novation of a debt unless it is so intended, which intention may be established by the terms of the agreement or from the acts of the parties. Sheeks v. McCain-Richards, Inc., 226 La. 578, 76 So. 2d 892; W. W. Carre Co. v. E. J. Stewart & Co., 166 La. 317, 117 So. 238; Rains v. Jones, La.App.2d Cir., 1934, 152 So. 356; Amoss v. Burleson, 8 La.App. 359.
The note executed by defendant, delivered to and accepted on plaintiff's behalf by its counsel, in the principal sum of the account sued upon, contains this pertinent recital:
"This note is given in consideration for and in full payment of the open account of Acme General Contractors, Inc. owed to Smith, Howard and McCoy, Inc. for insurance coverage and insurance due on this open account."
In the Rains case, a note and chattel mortgage was given for an open account. The receipt contained this recital:
"`This is to acknowledge receipt of your note dated January 31, 1933, for the sum of $139.50, which note represents all your indebtedness to me for any cause whatever.'"
*598 Thereafter, Rains brought an action for the original indebtedness of $139.50 and for an additional sum of $60.00. Plaintiff failed to sustain the burden of proof as to the $60.00 claimed. However, as to the remainder of the claim, it was held that the account was novated by the giving of the note. The language quoted was held to clearly indicate an intention to novate the account.
In the instant case, from the language contained in the note itself, there can be no doubt, under the aforesaid authorities, that the parties intended to novate the original debt.
For the reasons assigned, the judgment appealed is affirmed at plaintiff-appellant's cost.
Affirmed.