LOTTINGER, Judge.
This suit was filed by Hartson, Inc., the petitioner, to recover the sum of One Thousand Four Hundred Twelve and 77/100 ($1,412.77) Dollars from Brawley and Watson, Inc., Shelly H. Brawley and Gillie G. Watson, in solido. Petitioner claims that said sum represents the balance due for insurance premiums which had been written for defendants as general agent for Phoenix Assurance Company of New York.
The Lower Court awarded judgment in favor of petitioner and against defendants, in the amount of petitioner’s demand and defendants have taken this appeal.
The record discloses that during the year 1958, an insurance agency known as the North Baton Rouge Insurance Agency, Inc. was formed with defendants Gillie Watson and Shelly Brawley as the principal stockholders. The agency represented, among others, the Phoenix Assurance Company of New York which was represented by petitioner herein as general agent.
*589 During the year 1960, defendants Gillie Watson and Shelly Brawley organized a new corporation under the name Brawley and Watson, Inc. which took over the accounts of the North Baton Rouge Insurance Agency, Inc. The new agency entered into an insurance agency agreement with Phoenix Assurance Company of New York, represented by petitioner as their general agent. During the month of September, 1960, Brawley and Watson, Inc. executed a promisory note in the sum of Seven Thousand and No/100 ($7,000.00) Dollars which was personally guaranteed by the defendants Gillie Watson and Shelly Braw-ley, for certain premiums due petitioner. This note provided for payments at the rate of Five Hundred and No/100 ($500.00) Dollars per month. Subsequently, on October 1, 1960, a new note in the sum of Six Thousand Five Hundred Eighty-three and 22/100 ($6,583.22) Dollars was substituted for the Seven Thousand and No/100 ($7,000.00) Dollars note, which note was executed by all three defendants payable to their own order and by them endorsed in blank, and payable at the rate of Five Hundred and No/100 ($500.00) Dollars a month together with three (3%) per cent per annum interest from date until paid. This new note was placed with the Capital Bank and Trust Company of Baton Rouge for collection, upon which the Seven Thousand and No/100 ($7,000.00) Dollars note was returned to the makers.
Certain managerial problems arose with Brawley and Watson, Inc., whereupon a •contract was entered into with Prescott Murphy Insurance Agency under which said agency was given full powers in the operation of the defendants’ insurance agency. Separate bank accounts were established and all accounts owed by Brawley and Watson, Inc. were paid by checks signed by Prescott Murphy and Mrs. Shirley Shar-key who is the niece of Shelly H. Brawley.
On April 3, 1961, Hartson, Inc. wrote a letter to Prescott Murphy Agency Inc. acknowledging a telephone call from them "that they had a Three Thousand and No/100 ($3,000.00) Dollars check payable on the note of Shelly H. Brawley and Gillie Watson in which they enclosed a letter addressed to the Capital Bank and Trust Com.pany authorizing the said banking institution to surrender the note which they held in the sum of Six Thousand Five Hundred Eighty-three and 22/100 ($6,583.22) Dollars to Mrs. Sharkey who would handle the collection for the account of Hartson, Inc. In this said letter Hartson, Inc. instructed Prescott Murphy Agency, Inc. to forward the note to them so that they could inscribe upon it the payments which had been received and that a final reconciliation of the accounts and payments would be made on April 1, 1962.
On April 6, 1961, the Prescott Murphy Agency, Inc., through its representative, Shirley Sharkey, wrote Hartson, Inc. and forwarded a check for Three Thousand and No/100 ($3,000.00) Dollars and the Six Thousand Five Hundred Eighty-three and 22/100 ($6,583.22) Dollars note, as follows :
“I am enclosing our check in the amount of $3,000.00 to be applied to the past due balances of the captioned firms. We are also enclosing the original note executed for the above captioned firms in the Capital Bank and Trust Company on a Fidelity National Bank note dated 10-1-60 in the amount of $6,583.22.
Please prepare an additional non-interest bearing note for the captioned firms in the amount of $1,500.00 due on or before April 1, 1962 to be held by our bank to secure your company for their adjusted balances. Please forward same to me immediately.
I trust this agreement will be found in order and I will await your reply with the additional note.”
On April 10, 1961, Hartson, Inc. wrote to Prescott Murphy returning the note in the sum of Six Thousand Five Hundred Eighty-three and 22/100 ($6,583.22) Dollars and stated that it was their understanding that the note would be considered cancelled upon *590 receipt of a new note in the sum of One Thousand Five Hundred and No/100 ($1,500.00) Dollars due April 1, 1962. Prescott Murphy Agency, Inc. never did secure the new One Thousand Five Hundred and No/100 ($1,500.00) Dollars note from Brawley and Watson, Inc., Shelly H. Brawley and Gillie G. Watson, and in some manner the defendants secured possession of the note for Six Thousand Five Hundred Eighty-three and 22/100 ($6,583.-22) Dollars from Prescott Murphy Agency, Inc., which was produced at the trial of this matter marked “paid”.
Petitioner filed this suit to recover the sum of One Thousand Four Hundred Twelve and 77/100 ($1,412.77) Dollars which it contends was the final adjusted balance due on the account. The defendants, on the other hand, claimed that petitioner had agreed to take the sum of Three Thousand and No/100 ($3,000.00) Dollars paid in April, 1961, in full compromise and settlement of the sum which was then due on the account. The Lower Court rendered judgment in favor of petitioner and against defendants, and the defendants have appealed.
Subsequent to the judgment below the defendants moved for a new trial which was refused by the Lower Court. The defendants’ principal argument upon this motion for a new trial was that there had been a novation with the note for Six Thousand Five Hundred Eighty-three and 22/100 ($6,583.22) Dollars given by defendants to the petitioner and that, therefore, the petitioner was not proceeding properly in this suit on an account.
Novation is defined as a contract having, as its object, two propositions; the first to extinguish an existing obligation, and the second to substitute a new obligation in its place. The Louisiana Civil Code, Article 2185. In Carre Co. v. E. J. Stewart & Co., 166 La. 317, 117 So. 238, the Supreme Court considered a situation wherein the petitioner had instituted a suit on an account. During the course of the trial the defendant offered evidence that the indebtedness sued upon had been novated. This evidence was excluded upon objection by petitioner, and the Supreme Court upheld the exclusion of this evidence. In that case the Supreme Court said:
“The acceptance by a creditor of his debtor’s note for an open account does not novate the debt shown by the account. The note merely changes the form of the indebtedness. It does not extinguish it. Glasgow v. Stevenson, 6 Mart. (N.S.) 567, 568; Austin, Thorpe & Co. v. Da Rocha, Becker & Co., 23 La.Ann. 44; Chambers, Roy & Co. v. Knapp, 48 La.Ann. 1156, 20 So. 677. The taking of such a note, however, may extinguish the original indebtedness, and thereby novate the debt, where such was the agreement of the parties. Walton v. Bemiss, 16 La. 140. But no such agreement is urged here. The averments of fact in the answer do not show novation. The averment that the acceptance of the note was a novation of the debt is an-erroneous conclusion of law, in the absence of an averment showing that, such was the agreement of the parties, or of facts showing that novation did take place. Therefore there was no error in excluding the evidence in so far as relates to the defense of novation.”
We believe that in the present situation the note in the sum of Six Thousand Five Hundred Eighty-three and 22/100 ($6,583.22) Dollars was taken by petitioner as evidence of the indebtedness and not in payment therefor. Our position in this regard is fortified by the fact that throughout the testimony there were credits, returned premiums and reconciliations necessary in order to determine the exact amount due.
With regard to the contention by the defendants to the fact that the payment of *591 Three Thousand and No/100 ($3,000.00) Dollars was to be considered as a full and complete compromise of this matter so as to fully pay the promissory note, we do not believe that such contention is substantiated by the evidence in the letters by the parties. We find that it was the intention that a new note in the sum of One Thousand Five Hundred and No/100 ($1,500.00) Dollars was to be given the petitioner by defendants to make up the balance due after the payment of the Three Thousand and No/100 ($3,000.00) Dollars sum. In their letter dated April 3, 1961, the petitioner told Prescott Murphy Agency, Inc. that “the remainder due on this note will not come due until April 1, 1962, at which time final reconciliations of the accounts and payment will be made”.
The defendants contend that the notation on the Three Thousand and No/100 ($3,-000.00) Dollars check reading “To cover past due balances for North Baton Rouge Insurance Agency, Brawley and Watson, Inc.” indicates that this check was in full and complete payment of the promissory note. This check was enclosed in a letter by Prescott Murphy Agency, Inc., who was then representing the defendants, to Hart-son, Inc. and this letter clearly indicates that it was the intention of the parties that a One Thousand Five Hundred and No/100 ($1,500.00) Dollars note was to be prepared by petitioner and forwarded to the defendants for execution. We believe that the above clearly shows that it was not the intention of the parties that the account between them be compromised by payment of the Three Thousand and No/100 ($3,-000.00) Dollars check, and we find no error on the part of the Lower Court.
For the reasons hereinabove assigned, the judgment of the Lower Court will be affirmed, all costs of this appeal will be paid by defendants.
Judgment affirmed.