BAILES, Judge.
This is an appeal from the judgment of the trial court enjoining the Sheriff of East Baton Rouge Parish, Louisiana, from proceeding with the sale of defendant’s property under a writ of seizure and sale. The defendant sought and obtained the preliminary injunction on the ground that the mortgagee-plaintiff was obliged by the terms of the mortgage foreclosed to obtain credit life insurance on the life of the mortgagor who had died shortly before the defendant defaulted in the payment of the note, and that thereby the debt sued on was extinguished.
The plaintiff’s position is that it was not obligated to obtain any credit life insurance, that none in fact was obtained, and that the amount of the escrow deposit was sufficient only to pay the fire insurance premium, with an annual balance remaining of about $7.00.
The provision of the mortgage which gives rise to this controversy is the following:
“In order to more fully protect the security of this mortgage, the Mortgagor, together with and in addition to the monthly payments under the terms of the notes secured hereby, on the first day of each month, until the said note is fully paid, will pay to mortgagee:
(a) The sum equal to Three and no'/100 ($3.00) Dollars as an escrow deposit for premiums due or to become due on fire and life insurance policies covering the mortgaged property or Mortgagor, such sums to be held by mortgagee in trust to pay said premiums.
(b) The aggregate of the amounts payable pursuant to sub-paragraph (a) and those payable on the note secured hereby, shall be paid in a single payment each month to be applied to the
1. Fire and life insurance premiums.
2. Interest on the indebtedness secured hereby.
3. Amortization of the principal of said indebtedness.
Any deficiency in the amount of such aggregate monthly payment, shall, unless made good by the mortgagor prior to the due date of the next such payment, constitute an event of default under this mortgage.”
In granting defendant the relief she sought, the trial court stated, inter alia, that:

“The Court is of the opinion that there is no ambiguity in the terms of the provision quoted. It is to be noted that reference to the fire and life insurance policies is made in the conjunctive rather *565 than the disjunctive. In the Court’s opinion it is manifest that the terms of the provision, supra, require the payments made to be applied to “fire and life insurance policies covering the mortgaged property or Mortgagor, such sums to be held by mortgagee in trust to pay the premiums.” (Emphasis supplied by Court). There can be no doubt that this phraseology was prepared and drafted by expert counsel and the original intent was to adhere to the terms used.
“Be that as it may, even if there is a question as to what the provisions mean, the Civil Code, as well as the jurisprudence provide certain ground rules to be followed as a final resort in a case of interpretation. Louisiana Civil Code Article 1957 provides:
‘In a doubtful case the agreement is interpreted against him who has contracted the obligation.’
Civil Code Article 1958 provides as follows:
‘But if the doubt or obscurity arise for the want of necessary explanation which one of the parties ought to have given, or from any other negligence or fault of his, the construction most favorable to the other party shall be adopted, whether he be obligor or obli-gee.’
“In Succession of Cormier, La.App., 80 So.2d 571, the Court stated:
‘Words of contract must be interpreted according to parties’ intent, and ambiguous words must be construed against party preparing contract.
“Also, in Lawson v. Martin Timber Company, 238 La. 467, 115 So.2d 821, the Court stated:
‘An instrument is to be most strictly construed against the party who prepared it.’
“Therefore, this document was prepared at the request of the mortgagee and under the authority of its representative. If there is any ambiguity in its interpretation, with which position the Court does not agree, it must be resolved against the mortgagee. As such, either life insurance should have been provided on the life of the mortgagor, or the reference to the life insurance should have been deleted from the document.”
Admittedly, the mortgagor paid the plaintiff the three dollars per month provided by the agreement which was called “an escrow deposit for premiums due or to become due on fire and life insurance policies covering the mortgaged property or Mortgagor, such sums to be held by mortgagee in trust to pay said premiums.”
The provisions of Articles 1957 and 1958 of the Revised Civil Code and the jurisprudence developed from these articles enjoins us to find for the defendant.
See Louisiana Paving Co. v. Louisiana Department of Highways (La.App., 1967) 205 So.2d 445, and Kuhn v. Stan A. Plauche Real Estate Company (1966) 249 La. 85, 185 So.2d 210. Also see Appleman, Insurance Law and Practice, §§ 20 and 8840.
We find no provision in this mortgage which required the mortgagor to secure a life insurance policy. The mortgage agreement was prepared by the plaintiff, consequently any ambiguity which arises from the wording of the contract must be resolved against the plaintiff. In the absence of any requirement for the mortgagor to obtain life insurance, and in the face of the requirement of mortgagor to make an escrow deposit of three dollars per month for the payment of premiums due on fire and life insurance policies, a reasonable interpretation must be that the plaintiff was to obtain the required life insurance.
Plaintiff argues that three dollars per month was sufficient to pay only the fire insurance coverage and not adequate *566 to provide life insurance coverage; that no life insurance coverage was provided, consequently no premium was escrowed to pay life insurance coverage. This argument is untenable in view of the express provision in the mortgage providing for the payment of life insurance premiums. The mortgagor had no control over the fixing of the amount to be escrowed for fire and life premiums, and furthermore, the mortgage expressly provides under the terms of (b) quoted above that the monthly installment shall be applied in the order listed above with the fire and life insurance premiums to be paid first, and that any deficiency, if not made good by the mortgagor shall constitute a default under the mortgage.
We further find this life insurance provision to be an integral part of the contract between the parties because the mortgage provides “In order to more fully protect the security of this mortgage, the mortgagor * * * will pay to mortgagee * * etc. It logically follows that the plaintiff would be the beneficiary of the life insurance policy.
 An additional ambiguity arises as to the amount of life insurance to be provided for under the terms of the mortgage. A fair and reasonable interpretation to be placed on the contract is that the amount of life insurance should be an amount equal to the indebtedness at the time of death.
It is our conclusion that the plaintiff was charged with the obligation of obtaining life insurance coverage in an amount equal to the indebtedness at the time of the death of the mortgagor. As the plaintiff neglected to obtain the coverage, it forfeited the right' to recover on this note which would have been paid by the proceeds from the life insurance policy had it been obtained.
For the foregoing reasons, the judgment appealed from is affirmed at plaintiff-appellant’s cost.
Affirmed.