PRICE, Judge.
Plaintiff perfected this devolutive appeal from the judgment of the trial court rejecting his demands for a money judgment for the balance due on a real estate mortgage note, and for recognition of his lien and privilege on the property mortgaged. Defendants deny any obligation exists under the mortgage note sued on, contending it was executed by them solely for collateral to secure an open note which has been paid.
The facts giving rise to this litigation are briefly as follows:
James R. Beasley, through his sales representative, negotiated with defendants to perform certain repair work on their three *803 room “shotgun” residence in Waterproof, Louisiana. On February 26, 1963, a written contract was executed by the parties. The written agreement was executed on a printed form furnished by plaintiff and filled in by his representatives. The contract adequately described the work to he performed hut failed to set forth the total price to be paid by defendants for the work. This agreement did provide the consideration would be paid in monthly payments of $35, including interest at 8% per annum with payments to begin within 120 days.
The agreement further stipulated defendants would execute a mortgage on the property to secure the payment of the contract price. On March 14, 1963, defendants executed the mortgage and note herein sued on for the amount of $4,200, with 8% per annum interest from maturity, payable in 120 monthly installments of $35. Subsequent thereto, on April 4, 1963, defendants executed an additional note for the sum of $2,100, payable to Delta Security Bank & Trust Company, with 8% interest from maturity, payable in 60 monthly installments of $35. On this note the following notation appears:
“R/E Mortgage note dtd 3/14/63 due in 120 installments of $35.00 each with interest from maturity in the amount of $4,200.00, signed by Joseph and Irater Martin, payable to Myself and by them endorsed in blank, being a first mortgage on their home in Waterproof, La.”
After making 60 monthly payments to the bank, the $2,100 note was returned to defendants marked “Paid”. Defendants made no further payments under the contract to plaintiff and this action was brought for collection of the remaining indebtedness allegedly owed plaintiff under the $4,200 mortgage note.
Defendants contend that they owe no obligation to plaintiff as the sole purpose of executing the $4,200 mortgage note was to provide collateral to secure the $2,100 open note which represented the total cost of the repairs to be made under the contract. They also contend that on payment of the direct obligation of $2,100, the $4,200 collateral note became unenforceable.
In his testimony plaintiff offered the following reasons for the execution of two notes based on the one indebtedness. He contends the total cost of the work to be performed was approximately $2,400. He further testified this amount was to be paid over a period of ten years at $35 per month at 8% per annum interest. He contends the sum of $4,200 is the total cost of repairs ($2,400), together with ten years interest at 8% added thereon.
Plaintiff further explained that he was in need of construction financing and as his line of credit at the Delta Security Bank & Trust Company was approaching the maximum allowed under banking regulations, he requested the defendants to execute the $2,100 open note so he could discount a portion of the $4,200 mortgage note to the bank and have the transaction appear in the name of defendants on the bank records.
Defendants contend that the execution of the mortgage and note for $4,200 and the $2,100 open note constituted a novation of the building contract. Additionally, the only direct obligation was the $2,100 hand note given to the bank and the $4,200 mortgage note was merely collateral to secure the hand note, thus on payment of the direct obligation the collateral note became unenforceable.
As we are not favored with written reasons for judgment, we are unable to determine the actual basis for the trial judge rejecting the demands of plaintiff.
We conclude the court was in error as we are of the opinion the evidence substantiates the mortgage note sued on was intended to represent the consideration for the contract rather than to be merely a collateral instrument as contended by defendants.
*804 Extinguishment of an obligation in any manner, such as payment or novation, is an affirmative defense and a party asserting such a defense bears the burden of proof. Fontenot v. Liberty Mutual Ins. Co., 230 So.2d 402 (La.App. 3d Cir., 1970); B. F. Goodrich v. Ryan Tire Service, Inc., 203 So.2d 863 (La.App. 1st Cir.1967).
We gather from the testimony that Joseph Martin was a recipient of public welfare assistance and understood his monthly assistance allowance would be increased to cover the costs of repairs to his home. Therefore, for this reason it is apparent that neither he nor his wife showed much concern during the negotiations of the contract as to the total cost of repairs and were willing to sign the additional note to assist the builder in getting under way with the work.
Also, it is apparent from the evidence that the defendants presented the payment schedule furnished in connection with the $2,100 note to the Department of Public Welfare as representing the total indebtedness instead of the $4,200 note, and this was the reason the welfare assistance grant for cost of repairs was for only 60 months instead of 120 months.
Although it may well be that defendants were confused at that time as to the aggregate length of time for payments to be made, they are bound by their solemn agreements in the absence of allegations and proof of fraud, error, or ill practices.
We are of the opinion the principle of novation has no application to the transactions between these parties.
Novation “ * * * is not [to be] presumed ; the intention to make it must clearly result from the terms of the agreement, or by a full discharge of the original debt.” La.Civ.Code art. 2190.
The mere giving of a note does not effect a novation unless it is so intended, which intention may be established by the terms of the agreement or from the act of the parties. Smith, Howard and McCoy, Inc. v. Acme General Contractors, Inc., 152 So.2d 596 (La.App.2d Cir. 1963).
The execution of the $4,200 mortgage and note was presumably in compliance with the provision in the building repair contract that the owners would grant a mortgage to secure the payment of the contract price.
Defendants have failed to show by the terms of the agreement, or from their actions, that they intended the execution of the hand note to be a novation of the $4,-200 mortgage note. From the language contained in the hand note, there is absolutely no indication that the parties intended for there to be a novation. Nor does the evidence establish any acts of the parties which showed an intention to novate.
Plaintiff additionally asked for the sum of $155.40 for hazard insurance premiums paid on the property during the existence of the mortgage. The mortgage contains no language requiring the defendants to keep the property insured. Therefore, the procurement and payment of premiums on such insurance by the mortgagee does not give him the right to recover the amount expended from the mortgagor. Plan Investments v. Carmon, 215 So.2d 563 (La.App. 1st Cir.1968).
Since the principal amount of the mortgage note sued on included interest at 8% per annum for a period of ten years, plaintiff concedes defendants are entitled to a credit for the unearned interest as of August 13, 1968 (the date of last payment thereon), amounting to $855.55. The principal of the note on this date is alleged to be $2,028.10. Defendants have offered no evidence to controvert these calculations and we deem them to be correct. Therefore, the net principal balance owing on August 13, 1968, is the sum of $1,172.55.
For the foregoing reasons the judgment appealed from is annulled, avoided, reversed and set aside, and
*805 It is now ordered, adjudged and decreed that there be judgment herein in favor of the plaintiff, James R. Beasley, against the defendants, Joseph Martin and Irator (Arato) Martin, in solido, for the full sum of $1,172.55, with 8% per annum interest thereon from August 13, 1968, until paid, together with 10% of principal and interest as attorney’s fees, and for all costs.
It is further ordered, adjudged and decreed that plaintiff’s mortgage, lien and privilege, as recorded in Book VV, Page 113, of the Mortgage Records of Tensas Parish, Louisiana, covering the following described property, to-wit:
Beginning at a point on the South side of Church Street which is the Northeast corner of lot owned by Thomas Jefferson, the said Thomas Jefferson lot being fully described in a deed to him duly of record in the office of the Clerk of Court and Ex-Officio Recorder of Ten-sas Parish, Louisiana, to which reference is hereby made; thence in an easterly direction along the South side of said Church Street 50 feet to a point, thence in a Southerly direction on a line at right angles to said Street 191 feet to a point on what is known as the Hedge Row, thence in a westerly direction along the Northly side of said Hedge Row 50 feet to a point, being the Southeast corner of said Thomas Jefferson lot, thence in a northerly direction along the East line of said Thomas Jefferson lot 191 feet to the point of beginning,
be recognized and enforced to the extent of the amount of this judgment.
Reversed and rendered.