273 So.2d 902 (1973)
Ernest R. ELDRED
v.
Seaborne R. WICKER, Jr.
No. 9253.
Court of Appeal of Louisiana, First Circuit.
February 20, 1973.
Harold Wheeler, New Orleans, for appellant.
Jimmie R. Major, Baton Rouge, for appellee.
Before LOTTINGER, ELLIS, and CRAIN, JJ.
ELLIS, Judge:
This is a suit on a promissory note. After trial on the merits, judgment was rendered in favor of the plaintiff for the full amount thereof plus interest and attorney's fees, and defendant has appealed.
Plaintiff Ernest R. Eldred is an attorney at law who performed legal services and advanced various costs on behalf of defendant, Seaborne R. Wicker, Jr. The balance due for same, $13,677.93, is not disputed by defendant. On August 15, 1968, defendant executed the promissory *903 note sued on herein, in the principal amount of $13,677.93, payable on demand with 7% interest. The note originally stipulated attorney's fees of 10%, but the "ten" was crossed out and "25" typed in its place. Typed at the bottom of the note, above the defendant's signature, are the words, "This not a novation".
The defenses advanced are that there is a material alteration on the face of the note and that there is no consideration for same.
The first defense is based on the change in the amount of the attorney's fees. Defendant testified that the change was made after he signed the note. Plaintiff testified that the change was made before defendant signed the note. Defendant's answer did not allege an alteration of the note. The pre-trial order contained an admission by the defendant that he executed the note "on the date and in the amount and for the terms as set forth in said instrument". The trial judge concluded that the change was made before the note was signed by defendant, and we find no error in his conclusion.
The defense of failure of consideration is based on the fact that no consideration changed hands when the note was executed. It is conceded that a prior existing debt can form the consideration for a promissory note, but defendant contends that, unless the prior debt is extinguished by novation, there is no consideration, since the prior debt still exists. Defendant argues that the words "This not a novation" typed at the end of the note prevents the utilization of the existing debt as consideration for the note.
We cannot agree with his position in this respect. Defendant concedes the existence of an antecedent debt, which constitutes, under the Negotiable Instruments Law, consideration for a note. R.S. 7:25. There is no requirement that there be a novation for such a debt to constitute consideration. Giving of a note for an antecedent debt does not constitute a novation, in the absence of a specific intent that it do so, because novation is never presumed. Such a transaction only changes the form of the indebtedness. Civil Code, Article 2190; W. W. Carre Co. v. E. J. Stewart & Co., 166 La. 317, 117 So. 238 (1928); Hartson, Inc. v. Brawley & Watson, Inc., 180 So.2d 588 (La.App. 1 Cir. 1965); Beasley v. Martin, 253 So.2d 801 (La.App. 2 Cir. 1971); Sterlington Bank v. Terzia Lumber & Hardware, Inc., 146 So.2d 233 (La.App. 2 Cir. 1962).
The addition of the words "This not a novation" to the note therefore changes nothing as a matter of law, since the giving of the note does not constitute a novation absent a specific intention by the parties that it do so. The pre-existing debt therefore constitutes consideration for the note, and the defense of failure of consideration is without merit.
The judgment appealed from is affirmed, at defendant's cost.
Affirmed.